Leslie **THACKER**, Appellant,

v.

Bernice **THACKER** et al., Appellees.

No. 8378.

Court of Civil Appeals of Texas, Amarillo.

May 21, 1973.

Rehearing Denied June 18, 1973.

**202**

Leslie H. Thacker, pro se.

Robinson, Fotheringham & Simpson, A. J. Robinson, Gibson, Ochsner, Adkins, Harlan & Hankins, W. P. Sturdivant, Amarillo, for appellees.

REYNOLDS, Justice.

Appellant Leslie Thacker petitions this court by means of a writ of error to review an adverse summary judgment from which her former attempted, tardy appeal was dismissed for want of appellate jurisdiction. Thacker v. Thacker, 490 S.W.2d 234 (Tex.Civ.App.—Amarillo 1973, no writ). Appellee Bernice Thacker has filed a briefed motion to dismiss on the ground that appellant's participation in the summary judgment proceedings in the trial court defeats appellate jurisdiction to review the petition for writ of error. The motion to dismiss is granted and the petition for writ of error is dismissed.

The dismissal motion is premised on Vernon's Ann.Civ.St. art. 2249a. This statute specifies that "(n)o party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error." The determinative issue respecting the propriety of the writ of error proceeding is whether appellant's actions in connection with the summary judgment proceedings had in the trial court constituted such participation that foreclosed writ of error review. A review of the litigation leading to the final summary judgment reveals the following proceedings.

Bernice Thacker, who was the named beneficiary of a matured group life insurance policy issued by Aetna Life Insurance Company, instituted suit against Aetna to

recover the policy proceeds. Aetna, representing that an adverse claim to the policy proceeds had been made by Leslie Thacker, tendered the proceeds into the registry of the court, requested that Leslie Thacker be impleaded and prayed that it be discharged. Leslie Thacker, a licensed attorney, answered and filed a cross-action for herself and on behalf of Vivian Thacker. Both Bernice Thacker and Aetna filed answers to the cross-action. Leslie Thacker's propounded interrogatories to Aetna were answered. Responsive to a motion requiring Leslie Thacker to show the authority by which she, as an attorney, represented Vivian Thacker, Leslie Thacker filed her motion, which was granted, withdrawing as attorney of record for Vivian Thacker, who was dismissed from the cause, and tendered a claim against Bernice Thacker for attorney's fees and expenses allegedly incurred in representation of Vivian Thacker. Bernice Thacker then filed a motion to dismiss Leslie Thacker as an intervenor and Leslie Thacker contested the motion, but the transcript does not reflect that this matter was presented to or acted upon by the trial court.

Bernice Thacker and Aetna each filed a motion for summary judgment referenced to supporting documents. On August 2, 1972,[1] the trial court entered an order setting the hearing on the motions for September 7. On August 18, Leslie Thacker directed interrogatories to Bernice Thacker, who filed answers thereto. On September 5, Leslie Thacker filed her answer to, and an affidavit submitted in contravention of, the motions for summary judgment. The affidavit contained the statement that Leslie Thacker ". . . cannot be present for this hearing." No request was made for a continuance. On September 7, the day previously set for hearing the motions for summary judgment, the trial court, finding ". . . that the parties are before the court for a hearing . . ." and

". . . having considered said motions, the pleadings and affidavits on file, . . ." denied Aetna's motion for summary judgment, granted Bernice Thacker's motion and rendered and entered summary judgment decreeing that Bernice Thacker recover the policy proceeds and that Leslie Thacker take nothing.

Thereafter, Leslie Thacker filed a notice of appeal one day too late, a tardy motion for new trial, and an instrument designated as a motion to arrest and reverse the summary judgment. The latter two motions were overruled after an attended hearing thereon by the trial court during the time it retained jurisdiction over the summary judgment.[2] The attempted appeal by appellant Leslie Thacker was dismissed for want of appellate jurisdiction, Thacker v. Thacker, supra, this court holding, at page 237, with respect to the entry of summary judgment that:

". . . Appellant was chargeable with notice of the order entered by the court, especially since it was entered on the very day set for determination of the summary judgment motions with notice to, and acknowledgment by, appellant of the setting."

The extent of participation in the actual trial that disqualifies an appellant under art. 2249a, V.A.C.S., from review by means of a writ of error appears to be one of degree. Writ of error review is not denied by participation limited to the mere filing of an answer, Petroleum Casualty Co. v. Garrison, 174 S.W.2d 74 (Tex.Civ. App.—Beaumont 1943, writ ref'd n. r. e.), nor to the filing of a motion for new trial, Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941); but, review by writ of error is denied to one who participates in the actual trial that leads to a final judgment, Lawyers Lloyds of Texas v. Webb, supra, or to one who excepts in open court to the judgment. Byrnes v.

1. All recited dates are for the year 1972.

2. These proceedings are detailed in Thacker v. Thacker, 490 S.W.2d 234 (Tex.Civ.App.—Amarillo 1973, no writ).

Blair, 183 S.W.2d 287 (Tex.Civ.App.—El Paso 1944, no writ).

The intendment of and the rationale underlying art. 2249a, V.A.C.S., was expressed by our Supreme Court in Lawyers Lloyds of Texas v. Webb, supra, 152 S.W.2d at pages 1097–1098, in these words:

" . . . The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.

"There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error. . . . The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the more speedy method of appeal. Those who participate in the trial leading up the the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court. . . ."

■■■ Summary adjudication of this litigation was decreed under the authority conferred by Texas Rules of Civil Procedure, rule 166–A. This rule stipulates the remedial procedure for disposition of a cause, without the necessity of a formal trial, when the material fact issues are undisputed. Subsection (c) of the rule requires the filing of summary judgment evidence prior to the day specified for hearing the motion for summary judgment and provides that "(n)o oral testimony shall be received at the hearing," but that summary judgment, if authorized, " . . . shall be rendered forthwith . . ." on " . . . the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." Although the court may, and it is common knowledge that the court often does, permit counsel to be heard at the hearing, the rule itself does not extend to counsel a right to present argument for or against the motion. In brief, since all party and counsel participation necessary to prepare and present the summary judgment situation is required to be concluded prior to the day set for hearing the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel participation at the hearing granting the motion for summary judgment.[3]

■■■ Under the undisputed factual circumstances presented, all prerequisite party and counsel participation preparatory to

3. Subsection (d) of the rule does provide that if the case is not fully adjudicated on the summary judgment motion " . . . and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." This subsection is not applicable here, and appellant's presence was not required for interrogation, because the court rendered summary judgment upon the entire case.

the hearing set on the motions for summary judgment was required to be taken, and had occurred, prior to the hearing day; no participation was required at the hearing in open court at which summary judgment was rendered; appellant elected to absent herself from the hearing sans a request for continuance; and appellant, having been adjudged chargeable with notice of the court's action taken at the hearing, was in a position to utilize, and consequently should reasonably have used, the more speedy method of appeal for which, .with an evidentiary record familiar to her prior to the hearing and unaltered by or at the hearing, the shorter appeal period of time was sufficient. Therefore, appellant sufficiently participated as a party and as an attorney "in the actual trial of the case in the trial court" within the purview of art. 2249a, V.A.C.S., the provisions of which have been held to be mandatory and jurisdictional, Leuer v. Smith, 335 S.W.2d 775 (Tex.Civ.App.—San Antonio 1960, no writ), so as to be denied appellate review through means of writ of error.

Appellee's motion to dismiss for want of appellate jurisdiction is granted; the petition for writ of error is dismissed.