Rev. Andrew FRANCIS, Jr. and Mary A. Francis, Appellants,

v.

Bernard DENENBERG, Individually and d/b/a United States Home Improvement Company, and Murray Savings, A Federal Association, Appellees.

No. 01–86–00909–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 3, 1987.

Richard S. Browne, Carol A. Browne, Browne & Browne, Houston, for appellants.

J. Palmer Hutcheson, Sewell & Riggs, Houston, for appellees.

Before WARREN, COHEN and DUNN, JJ.

WARREN, Justice.

This is a petition for writ of error.

Appellants sued Bernard Denenberg, individually and d/b/a United States Home Improvement Company, and Murray Savings, a Federal Association, alleging a civil conspiracy between them to deprive appellants of their homestead.

On February 11, 1986, appellee Murray Savings filed a motion for sanctions against appellant for failure to make discovery. On February 20, 1986, appellants' attorney filed a motion to withdraw as attorney of record. Both motions were set for hearing on March 24th. On March 24th, all parties were present for a hearing on both motions. The trial court granted Murray's motion for sanctions, struck appellants' pleadings, entered an interlocutory judgment in Murray Savings' favor, and awarded Murray Savings attorney's fees. The court also granted appellants' attorney's motion to withdraw.

On April 3, 1986, Murray Savings filed a motion to sever appellants' cause of action against it, and served a copy of the motion upon appellants' withdrawn attorney of record. The trial court signed the order for severance on April 16, 1986.

On July 3rd, appellants' new attorney, Richard Browne, made a formal appearance in the cause. The file shows no further activity until October 16th, when appellants filed this application for writ of error, alleging that the judgment should be reversed and remanded because: (1) appellant received no notice of the order of severance, as required by Tex.R.Civ.P. 21 and 21a; and (2) the lack of notice prevented appellant from appealing the merits of the judge's order granting appellee Murray final judgment.

The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985).

Tex.R.App.P. 45(b) provides;

No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of error.

Appellees contend that appellants participated in the trial within the meaning of Tex.R.App.P. 45(b) by participating in the hearing on the motion for sanctions. Ap-

pellants argue that the judgment entered against them on the motion for sanctions was interlocutory, and did not become final until the order for severance was entered. Appellants maintain, therefore, that review by writ of error is proper because they did not participate in the proceeding that resulted in a final judgment against them, viz.: the hearing on the motion for severance.

We agree with appellees' contention that appellants are precluded from maintaining the writ of error because of their participation in the trial court.

Even though appellants were not present on the day the severance was granted, they were present when judgment was pronounced against them. This constitutes an appearance under Tex.R.App.P. 45(b).

In a case similar to ours, *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137 (Tex.Civ.App.—Dallas 1983, no writ), several former football players sued the Cowboys and two doctors for withholding medical information. The plaintiffs' pleadings were stricken in response to one defendants' (the Cowboys') motion for sanctions for failure to make discovery. The plaintiffs participated in the hearing and opposed the motion for sanctions, but were unsuccessful. The final judgment rendered in the case in favor of the co-defendant against unrelated plaintiffs was held to have disposed of Norman's claim against the Cowboys by implication.

Norman attempted to appeal the case by writ of error. The court held that Norman had sufficiently participated in the proceedings to be barred from review by writ of error.

A party need not actually be present in Court at a final plenary trial if he participated in earlier proceedings at which his rights were determined. Article 2249a [Currently V.T.C.A. *Civil Practice and Remedies Code* §§ 51.012 and 51.013] is intended to deny review by writ of error to a party who participates in a hearing that leads to a final judgment against him and, therefore, may reasonably be required to use the speedier method of appeal. *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107.152 S.W.2d 1096

(1941). Accordingly, a party who participated in a summary judgment proceeding by filing an opposing affidavit and directing interrogatories to the movant was not entitled to review by writ of error although she did not appear at the hearing on the motion, since all participation necessary to oppose the motion had to be concluded before the date of the hearing ... Likewise, writ of error was held not available to a party whose counsel participated in a hearing on a Motion for Summary Judgment, although he did not appear at a subsequent hearing before a draft of judgment was signed ...

Here, the hearing at which Norman's rights were determined against the Cowboys was the hearing on the Motion for Sanctions in which his counsel appeared and participated. As a result of this proceedings, Norman's pleadings were struck. The Court then heard and granted summary judgment to the doctors. Norman's nonparticipation in subsequent proceedings is immaterial. Nothing was left for the trial court to do with respect to his claims but to render judgment against him ... Consequently, he participated in the actual trial insofar as his claims against the Defendants are concerned and is disqualified from seeking review of these claims by writ of error. *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d at 139–140.

In the instant case, appellants participated in the hearing at which their rights against appellee Murray were determined. The judge's order at the hearing on the motion for sanctions precluded any introduction of testimony by appellants against Murray, and awarded a judgment in favor of Murray. Nothing was left for the trial court to do but to sever appellants' cause of action from the remaining action against Denenberg. Therefore, appellants participated in the actual trial and are barred from seeking review by writ of error.

Appellants' petition for writ of error is dismissed for want of jurisdiction.