Jesus Sam **DILLARD**, Appellant,

v.

Rameshbhai A. **PATEL**, Appellee.

No. 04–90–00291–CV.

Court of Appeals of Texas,
San Antonio.

March 6, 1991.

Rehearing Denied April 16, 1991.

**510**

John D. Wennermark, Blas H. Delgado, Verna Victoria Langham, LaHood & Wennermark, San Antonio, for appellant.

Stephanie O'Rourke, Valinda J. Astoria, Douglas & Elms, San Antonio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

OPINION

BUTTS, Justice.

Appellant, Jesus Sam Dillard, petitions this court by writ of error seeking to reverse a summary judgment in favor of Rameshbhai A. Patel.

The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982). TEX.R.APP.P. 45(b) provides:

No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be

entitled to review by the court of appeals through means of writ of error. (*See* former TEX.R.CIV.P. 360(2), repealed). The question to be decided is whether the court of appeals has appellate jurisdiction, specifically, whether appellant's actions in connection with the summary judgment proceedings had in the trial court constituted such participation that writ of error review is precluded.

The record on its face reveals that the lawsuit arose after Patel and Dillard were involved in an automobile collision on April 1, 1987. Patel filed his original petition in April, 1988, and Dillard answered in May, 1988. Plaintiff Patel filed written interrogatories on March 6, 1989. Defendant Dillard filed a counterclaim on April 24, 1989. His answers to interrogatories were filed on May 5, 1989. The plaintiff filed his motion for summary judgment on January 11, 1990, and the trial court set the motion for determination on February 8, 1990. The defendant filed his response to the motion for summary judgment on February 7.

The record on its face further reflects that the trial court considered and determined the motion for summary judgment on February 8. Defendant did not appear. The summary judgment states: "Defendant and Counter–Plaintiff although having been properly notified of said hearing and having filed a Response to the Motion for Summary Judgment failed to appear for said hearing." The judgment further shows that the trial court considered the pleadings, the motion, the official records on file, and the summary judgment evidence. The court granted the summary judgment motion, also upholding the plaintiff's written summary judgment reply to the counterclaim of the defendant, which requested damages resulting from the automobile collision. Plaintiff's affirmative defense (as counter-defendant) was that the counterclaim, filed on April 24, 1989, and arising from the collision on April 1, 1987, was barred on its face by the statute of limitations. The court specifically rendered judgment on the counterclaim [1]

---

1. Dillard's response to the motion for summary

judgment allegation that the counterclaim was

and dismissed it with prejudice. The court entered judgment in favor of the plaintiff and against the defendant for damages [2], prejudgment interest, and court costs, the total sum being $964.12.

An analytical discussion of *participation* in a trial is found in the summary judgment case, *Thacker v. Thacker*, 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd). The court differentiates between the usual trial on the merits and the summary judgment trial when writ of error is utilized as the means of appeal. There it was stated that the intendment of and the rationale underlying the writ of error rule was expressed in *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941). The Supreme Court wrote in that case, 152 S.W.2d at 1097–98:

> ... The statute was intended to cut off the right of appeal by writ of error of those who participate in the hearing in open court in the trial that leads to final judgment. It was not intended to cut off the right of those who discover that a judgment has been rendered against them after the judgment has been rendered, and who participate only to the extent of seeking a new trial.
>
> There was good reason for making a distinction between those who participate in the hearing in open court, leading up to the rendition of judgment, and those who do not so participate. The statute allows a short period of time for the presentation of an appeal and a longer period for the suing out of a writ of error ... The legislative purpose was to take away the right of appeal by writ of error from those who should reasonably use the *more* speedy method of appeal. Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are

therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record. For example: One who participates in the hearing of the evidence will be familiar with the facts introduced upon the trial and can immediately begin the preparation of his appeal; whereas, one who does not so participate may have to wait until the reporter can prepare a statement of facts before he can properly prepare his appeal for presentation to the appellate court ...

*Thacker v. Thacker*, 496 S.W.2d at 204. The *Thacker* court noted that TEX.R.CIV. PROC. 166a authorizes summary disposition of litigation. The requirement of a formal trial has been omitted when the material fact issues are undisputed. Subsection (c) requires the filing of summary judgment evidence before the date of submission and provides that

> [N]o oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on the uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must

---

time-barred did not address the limitations defense.

**2.** The plaintiff attached to his motion the appraiser's estimate of the costs of replacement parts of plaintiff's automobile. That instrument

by the appraiser also established that the 1979 Dodge automobile was a "total loss". The expert's appraisal with his "total loss" opinion was not controverted.

be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Further, the *Thacker* court recognized that although counsel, on submission of the summary judgment evidence, may be permitted by the court to present argument, the rule itself does not extend to counsel the right to do so. Since all party and counsel *participation* necessary to prepare and present the summary judgment case is required to be concluded prior to the day set for determination of the motion, and no oral testimony is permitted at the hearing, there is no rule provision or necessity for party or counsel *participation* at the hearing granting the motion for summary judgment. *Thacker*, 496 S.W.2d at 204.

Everything necessary to be done for submission of the motion for summary judgment in the present case had been done prior to submission. Dillard had filed his response. Nothing further was required at the hearing in open court at which summary judgment was rendered. *See Burton v. Home Indemnity Co.*, 531 S.W.2d 665 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.) All the permitted participation in the summary judgment trial, which is governed by strict rules, had already occurred. Dillard elected to absent himself from the hearing without a request for continuance. Most important, Dillard was charged with notice of the court's action on the motion for summary judgment. Dillard was familiar with the summary judgment record, including all the evidentiary record prior to the submission date, which familiarity was unaltered by or at the hearing. Consequently, he was in a position to and reasonably could utilize the broader and speedier method of appeal.

We conclude, therefore, for purposes of this summary judgment case, that Dillard and his counsel sufficiently participated "in the actual trial of the case in the trial court" within the purview of TEX.R. APP.P. 45, the provisions of which are mandatory and jurisdictional, so as to be denied appellate review through means of writ of error.

The petition for writ of error is dismissed for want of jurisdiction.