**Stephen DIFERRANTE, Appellant,**

v.

**Dr. Gloria KERAGA, M.D. and Houston Psychiatric Resources, P. A., Appellees.**

**No. 01–97–00356–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1997.

---

Stephen D. Diferrante, pro se.

Alan Brandt Daughtry, Dallas, Layne A. Thompson, Jeri P. Wechsler, Houston, for Appellees.

Before HEDGES, MIRABAL and ANDELL, JJ.

## OPINION

HEDGES, Justice.

Appellant, Stephen Diferrante, petitions this Court by writ of error seeking to reverse the trial court's dismissal of his case based upon his failure to provide expert reports pursuant to the statutory requirements of article 4590i of the Texas Medical Liability and Insurance Improvement Act. TEX.REV. CIV. STAT. ANN., art. 4590i, § 13.01 (Vernon Supp.1997). We dismiss the appeal for lack of jurisdiction.

The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent on the face of the record. *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex.1991).

Appellant filed his affidavit of inability to pay costs on January 24, 1997, within six months of the October 14, 1996 judgment. Although the county clerk and appellees contested the affidavit, the trial court made no ruling on the contest within the original or extended time periods set forth in Rule 40(a)(3)(E) of the Texas Rules of Appellate Procedure. Accordingly, the allegations contained in the affidavit are accepted as true, and appellant has timely perfected his appeal by writ of error. TEX.R.APP. P. 40(a)(3)(E); TEX.R.APP.P. 45(e). The first element necessary for a review by writ of error having been met, we now consider whether appellant "participated" at trial such that appeal by writ of error is precluded.

Rule 45(b) of the Texas Rules of Appellate Procedure provides: "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the court of appeals through means of writ of

error." Tex.R.App. P. 45(b). This provision is mandatory, jurisdictional, and cannot be waived. *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys.*, 784 S.W.2d 122, 124 (Tex.App.-Austin 1990, writ denied). The extent of participation in the "actual trial" that precludes an appeal by writ of error is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985).

The question is whether appellant has participated in "the decision-making event" that results in a judgment adjudicating appellant's rights. *Texaco, Inc. v. Central Power & Light Co.* 925 S.W.2d 586, 589 (Tex.1996). We note that several courts have held that participating in all steps of a summary judgment proceeding, except appearance at the hearing on motion for summary judgment, precludes review by writ of error. *Bowles v. Cook*, 894 S.W.2d 65, 67–68 (Tex.App.—Houston[14th Dist.] 1995, no writ); *Dillard v. Patel*, 809 S.W.2d 509, 512 (Tex.App.—San Antonio 1991, writ denied); *Thacker v. Thacker*, 496 S.W.2d 201, 204–05 (Tex.Civ. App.—Amarillo 1973, writ dism'd).

The transcript reflects appellant participated in the events leading to the dismissal of his case as follows: (1) he filed an original petition; (2) he filed an affidavit in support of request to proceed in forma pauperis; (3) he filed a motion to retain; (4) he filed four motions for bench warrant to appear before the court; (5) he responded to appellees' motion to compel; and (6) he filed a motion for continuance.

We find the case of *Francis v. Denenberg*, 742 S.W.2d 789 (Tex.App.—Houston [1st Dist.] 1987, no writ) particularly insightful. In *Denenberg*, the appellee filed a motion for sanctions on an issue that adjudicated the party's right to judgment. The appellant filed a response to the motion for sanctions and participated at the hearing on the motion for sanctions. The court of appeals noted that if a party participates in a hearing that leads to a final judgment against him, rule 45 denies review by writ if error; therefore, the party may reasonably be required to use the

"speedier" method of appeal. *Id.* at 791. The court concluded that appellants, by participating in the events that led to the granting of the motion for sanctions, had participated in trial and were precluded from bringing an appeal by writ of error. *Id.* at 791.

■ The hearing in this case likewise involved the trial court's determination as a matter of law. Appellees filed a motion to compel appellant to provide expert reports and sought the sanction of dismissal if such reports were not provided. Appellant responded by filing several motions for a bench warrant to appear before the court. The court refused appellant's request for a bench warrant and ordered that appellant could "appear" by affidavit.[1] Further, the court ordered appellant to "produce any arguments, evidence or testimony by affidavit in response to defendant's motion to compel within twenty days ... or show cause why his claims should not be dismissed." In response to the trial court's order, appellant filed a four–page response. The court considered appellees' motion to compel and dismissed appellant's claim for failing to comply with the statutory requirements of article 4590i of the Texas Medical Liability and Insurance Improvement Act.

By participating in the events that led to the dismissal of his case, appellant participated in trial. Because appellant participated at trial, there is no need to decide the issue of whether there is error on the face of the record.

We conclude that appellant participated in a decision-making event and is therefore precluded from seeking appeal by writ of error. We note a bill of review proceeding is pending in connection with this matter. Appellees' motion to dismiss is granted and appellant's petition for writ of error is dismissed for lack of jurisdiction.

---

1. Appellant is currently in prison. The trial court order denying appellant's request for a bench warrant stated "there is no necessity of a personal appearance by the [appellant] in this matter." Moreover, "the [appellant's] right of access to the courts will be protected by his appearance by affidavit." The court noted its concerns for security in issuing its order.