# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00372-CV

### Manuel Garcia, Jr., Appellant

### v.

### Gray & Becker, P.C., Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN101682, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

Manuel Garcia, Jr. brings this restricted appeal from the underlying judgment that approved a settlement agreement regarding attorney=s fees.[1] Gray & Becker, P.C., filed a motion to dismiss the appeal contending that Garcia participated through counsel in the proceedings below and therefore does not meet the jurisdictional requirements necessary for a restricted appeal. *See* Tex. R. App. P. 30. After considering Gray & Becker=s motion and Garcia=s response, we find the motion meritorious, and we will dismiss the restricted appeal for want of jurisdiction.

## Background

---

[1] This is the second appeal from the underlying judgment. This Court dismissed a previous appeal from the underlying judgment. *See De la Garza v. Gray & Becker*, 03-02-135-CV, 2002 Tex. App. LEXIS 5460, (Tex. App.CAustin July 26, 2002) (not designated for publication).

The record before the district court shows that in 1997 members of three unions at the Corpus Christi Army Depot wished to pursue grievances against the United States Army regarding their asbestos exposure claims. The three unions were the exclusive representatives of their members and were authorized under collective bargaining agreements with the Army to pursue grievances on behalf of their members. In 1997, the unions contracted with Gray & Becker to represent their members=interests in collective bargaining grievance proceedings against the Army. The unions entered into attorney=s fee agreements with Gray & Becker and agreed to pay Gray & Becker a contingent fee in the amount of 33-1/3% of any recovery. Gray & Becker represented the unions and their members throughout the grievance process and a labor arbitration proceeding. In 2000, the arbitration resulted in the Army paying $82 million to the unions=members. The arbitrator also ordered the Army to pay Gray & Becker=s attorney=s fees in accordance with the unions=contingent attorney=s fee contracts. The Army appealed the arbitration order to the Federal Labor Relations Authority. Gray & Becker represented the unions=members during the appeal. The Federal Labor Relations Authority modified the arbitration order only in regard to the attorney=s fees and directed the Army to request its agency head to permit deductions from each of the employees=awards to pay attorney=s fees in accordance with the contingent fee contracts. The Army=s agency head at the Department of Defense denied the Army=s request, and Gray & Becker was left to its own devises to collect its attorney=s fees.

Gray & Becker then commenced the underlying lawsuit and alleged that the employees who received portions of the arbitration award were obligated to pay contractual attorney=s fees to Gray & Becker in the amount of 33-1/3% of each employee=s gross recovery under the award; alternatively,

2

employees who executed the Agreement for Compromise & Payment of Contractual Attorney=s Fees (the A27-1/2%@ Agreement) were obligated to pay contractual attorney=s fees of 27-1/2% of the employee=s gross recovery under the award. The law firm of Harris & Greenwell represented a number of employees who filed counterclaims against Gray & Becker asserting that as eligible employees under the arbitration award they were *not* obligated to pay attorney=s fees to Gray & Becker due to Gray & Becker=s improper, unlawful, or tortious acts in negotiating the attorney=s fee contracts. On November 9, 2001, Harris & Greenwell, on behalf of the defendants, and Gray & Becker filed with the district court an AAgreement for Class Action Resolution and Settlement (subject to Court approval).@

In their agreement, the parties stated that the employees= prospects of prevailing on their claims were uncertain as the court, in another case, had ruled adversely on similar employees= claims and defenses, and that the employees would be subject to liability and judgment for additional attorney=s fees incurred by Gray & Becker in the prosecution of the enforcement, collection of their claims, and court costs in the event Gray & Becker prevails. The parties agreed that it was in all of their best interest to have one court address and resolve the pending claims instead of having multiple lawsuits in various forms and venues. Gray & Becker, in compromise and settlement of its claims and the employees= claims, agreed to accept 25% of each employee=s gross recovery under the award as full and final settlement of the employees= contractual attorney=s fees obligation to Gray & Becker. Gray & Becker agreed to provide, at its expense, notice (prepared by Harris & Greenwell) to all class members of the class certification, the settlement, and the fairness hearing. Further, Gray & Becker agreed to provide the class members with final notice of the court=s approval of the class settlement. On November 9, the district court entered an order certifying the

3

underlying case as a class action. The district court=s order also defined two classes of individuals, the Class I Claimants and the Class II Claimants, named class representatives, appointed Andrew Greenwell as class counsel for both classes, approved the notice to be sent to the class members and ordered that the notice be mailed to each member of the two classes. Additionally, the district court tentatively approved the terms of the proposed settlement agreement and set a fairness hearing for November 20, 2001.

All class members were sent a detailed notice by direct mail based on the Army=s address list for current and former employees. Further, a detailed notice was published in a Corpus Christi newspaper, and Gray & Becker held two open meetings at the Corpus Christi Army Depot. On November 20, the district court held the fairness hearing and rendered a final judgment. The judgment contained three lists of individuals; the first list included all individuals covered by the judgment, the second list included individuals excluded from the Class I Claimants as a result of their request to opt out in accordance with the notice of class action, the third list included individuals that were excluded from the Class II Claimants as a result of their request to opt out, after receiving the notice of class action. Further, the judgment ordered each class member to pay 25% of the gross amount of recovery under the arbitration award, and declared that upon such payment, either through direct pay or garnishment, the individual would fully satisfy any claim Gray & Becker might have against the individual. The judgment further ordered each individual to pay 25% of the gross recovery within ten days of receiving their portion of the arbitration award. If not paid within ten days, those non-paying individuals were ordered to pay Gray & Becker 33-1/3% of the employee=s gross portion of the award plus reasonable and necessary attorney=s fees incurred by Gray & Becker in the prosecution and collection of its fees.

4

Garcia=s name appears in the judgment on the first list of individuals covered by the judgment. Further, in accordance with the notices he received and the judgment, he timely paid Gray & Becker 25% of his gross recovery from the arbitration award. Despite his payment, however, on June 4, 2002, Garcia filed a notice of appeal, along with a motion to extend time to file a notice of appeal, stating that he wanted to bring a restricted appeal complaining of the underlying judgment. Gray & Becker moved to dismiss the appeal contending among other things that Garcia did not meet the jurisdictional requirements to bring a restricted appeal because he participated through counsel, Andrew Greenwell, in the hearing that resulted in the November 20 judgment. Garcia responded to the motion to dismiss, contending that Greenwell did not represent his interest at the hearing and that he did not participate in the November 20 hearing that resulted in the judgment. Additionally, he attached to the response his affidavit for this Court=s review.

## Discussion

The elements necessary to directly attack a judgment by a restricted appeal are: (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of that shows the invalidity of the judgment must be apparent from the face of the record. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.013 (West 1997); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *DSC Finance v. Moffitt*, 815 S.W.2d 551 (Tex. 1991); Tex. R. App. P. 30. A restricted appeal is not available to a party who participated in person

5

or through counsel in the hearing that resulted in the judgment complained of. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 587-88 (Tex. 1996). Rather, a restricted appeal is available for the limited purpose of providing a party that did not participate at trial with the opportunity to correct an erroneous judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.CFort Worth 2000, no pet.) (citing Tex. R. App. P. 30). The nonparticipation requirement is mandatory and jurisdictional. *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.*, 784 S.W.2d 122, 124 (Tex. App.CAustin 1990, writ denied) (citing *Nutter v. Phares*, 523 S.W.2d 292, 293 (Tex. Civ. App.CBeaumont 1975, writ ref=d n.r.e.)). Should an appellate court determine that an appellant participated in the hearing that resulted in the judgment complained of, the appropriate action is to dismiss the appeal for lack of jurisdiction. *See Diferrante v. Keraga*, 976 S.W.2d 683, 684-85 (Tex. App.CHouston [1st Dist.] 1997, no writ); *Dillard v. Patel*, 809 S.W.2d 509, 512 (Tex. App.CSan Antonio 1991, writ denied).

The only restriction on the scope of a restricted appeal is that error must be apparent on the face of the record. *See Norman Communications*, 955 S.W.2d at 270 (citing *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex. 1991)). AIt has long been the rule that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal].@ *Falcon Ridge*, 811 S.W.2d at 944; *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 791 (Tex. App.CHouston [1st Dist.] 1999, no pet.). Permitting challenges to a judgment based on affidavits first filed in the appellate court undermines the judicial structure providing a trial court with the first opportunity to consider evidence. *Falcon Ridge*, 811 S.W.2d at 944. Consequently, we cannot consider Garcia=s affidavit submitted with his response to the motion to dismiss because the affidavit was not before the trial

6

court before it rendered a final judgment. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial or by bill of review filed in the trial court. *Id.*; Tex. R. Civ. P. 320, 329b(f).

The record reflects that Garcia was a class member as his name appears on the judgment=s first list of individuals, those who were class members covered by the judgment; his name does not appear on either list of individuals who opted out of the class action lawsuit. Further, the district court made a specific finding that the class members appeared at trial through their appointed counsel, Andrew Greenwell. There is nothing in the record indicating that Greenwell did not represent Garcia. Because Garcia participated through counsel in the decision-making event, the hearing on November 20, he is precluded from bringing a restricted appeal. We grant Gray & Becker=s motion to dismiss Garcia=s appeal and overrule the motion for sanctions. Further, we dismiss Garcia=s motion to extend time to file the notice of appeal. The appeal is dismissed for want of jurisdiction.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Dismissed for Want of Jurisdiction

Filed:   September 26, 2002

Do Not Publish

7