NO. 07-03-0278-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 30, 2004



______________________________




RICKY D. STARKS, APPELLANT



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 90,654-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

OPINION


 On February 19, 2003, appellant Ricky D. Starks filed a petition, pro se, alleging
personal injuries under the Texas Tort Claims Act. Starks is an inmate housed in the
William P. Clements Unit of the Institutional Division of the Texas Department of Criminal
Justice. On that same day he filed an application to proceed in forma pauperis. Starks'
petition was dismissed by the trial court on March 5, 2003, before service of process on
the named defendants and without a fact-finding hearing. The suit was dismissed as
frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code (1) and
Starks appeals the dismissal. We will dismiss the appeal for lack of jurisdiction. 

 Starks filed a request with the trial court for findings of fact and conclusions of law
on May 5, 2003, sixty-one days after the judgment dismissing his case was signed. He filed
his notice of appeal on June 9, 2003. We later notified Starks by letter that his appeal
appeared to be untimely and was subject to dismissal for want of jurisdiction. (2) Tex. R. App.
P. 42.3. We gave him an opportunity to respond.

 Starks' February 19, 2003, pleading was entitled "Plaintiff's Amended or Substitute
First Supplemental Complaint Against the Texas Department of Criminal Justice." It
asserted essentially the same claims Starks had presented in an earlier-filed pleading and
the trial court clerk filed it in trial court cause number 90,654-B, the same cause as the
earlier pleading. Starks' response to this court's letter indicates he was confused when he
received notice, pursuant to Rule of Civil Procedure 306a, of the trial court's dismissal of
cause number 90,654-B, apparently wrongly believing the dismissal simply meant the court
had dismissed his previously-filed complaint and had replaced it with the February 19 filing. 
His response indicates his misunderstanding of the effect of his filing of an amended
petition. See Tex. R. Civ. P. 62-65. With respect to his compliance with applicable rules
and procedures, even though he is proceeding pro se, Starks is held to the same standard
as a licensed attorney. See Greenstreet v. Heiskell, 940 S.W.2d 831 (Tex.App.-Amarillo
1997, no writ). 

 In documents filed with this court, Starks acknowledges that he received notice
pursuant to Rule of Civil Procedure 306a of the judgment dismissing trial court cause
number 90,654-B, within twenty days of the signing of the judgment on March 5, 2003. 
The provisions of Rule of Civil Procedure 306a(4), therefore, have no application here. The
notice of dismissal received by Starks contained the information necessary for him to file
a timely notice of appeal.

 A notice of appeal must be filed within thirty days after a judgment is signed. Tex.
R. App. P. 26.1. This time period is extended to ninety days if a timely request for findings
of fact and conclusions of law is filed and such findings are either required by the Rules of
Civil Procedure, or could properly be considered by the appellate court. Tex. R. App. P. 
26.1(a)(4). Under Rule 296 of the Rules of Civil Procedure a request for findings of fact
and conclusions of law must be filed with the clerk of the court within twenty days after the
judgment is signed. Tex. R. Civ. P. 296. As noted, appellant filed his request sixty-one
days after the judgment was signed. Because appellant's request for findings of fact and
conclusions of law was not filed in a timely manner, the time period for filing a notice of
appeal was not extended and appellant's notice of appeal was due 30 days after the
judgment was signed, or no later than April 4, 2003. Tex. R. App. P. 26.1.


 Although Starks does not specifically identify his notice of appeal as a notice of
restricted appeal, the notice contains language that indicates he is attempting to pursue
a restricted appeal. A party who did not participate in the hearing that resulted in the
judgment complained of, and who did not timely file a post-judgment motion or request for
findings of fact and conclusions of law, or a notice of appeal within the time permitted by
Rule 26.1(a), is allowed additional time to file a notice of appeal, pursuant to Rules 26.1(c)
and 30 of the Texas Rules of Appellate Procedure, providing for restricted appeals. A
restricted appeal is available for the limited purpose of providing a party who did not
participate at trial with the opportunity to correct an erroneous judgment. In re E.K.N., 24
S.W.3d 586, 590 (Tex.App.--Fort Worth 2000, no pet.). 

 A restricted appeal is allowed only if (1) the notice of appeal is filed within six
months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not
participate in the hearing that resulted in the judgment complained of and did not timely file
any post-judgment motions or requests for findings of fact and conclusions of law; and (4)
error is apparent on the face of the record. See Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004); Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex.
1999) (applying former Rule of Appellate Procedure 45). (3) Starks meets the first two
elements. We consider here whether Starks participated in the hearing that resulted in
dismissal of his cause of action, such that he is disqualified from pursuing a restricted
appeal. 

 The participation element focuses on a litigant's participation in the "decision-making
event" that resulted in the judgment complained of on appeal. See Texaco, Inc. v. Central
Power & Light Co., 925 S.W.2d 586, 589-90 (Tex. 1996) (also applying former Rule 45);
Aviation Composite Technologies, Inc. v. CLB Corp., 131 S.W.3d 181, 185 (Tex.App.-Fort
Worth 2004, no pet.); Diferrante v. Keraga, 976 S.W.2d 683, 685 (Tex.App.-Houston [1st
Dist.] 1997, no writ) (applying Rule 45). Courts have recognized the nature and extent of
participation that will preclude a restricted appeal is a matter of degree, because the rule
must be applied in a wide variety of procedural settings. See Texaco, Inc. 925 S.W.2d at
589; Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (applying former Article 2249a
of Texas Revised Civil Statutes); Thacker v. Thacker, 496 S.W.2d 201, 203
(Tex.Civ.App.-Amarillo 1973, writ dism'd) (also applying former Article 2249a). In
Diferrante the court held that the plaintiff's filing of a response to a motion to dismiss and
for sanctions for failure to file an expert report in a health care liability case, together with
other pleadings, constituted sufficient participation in the events leading to dismissal of the
case to bar a writ of error appeal under former Rule 45. Diferrante, 976 S.W.2d at 685.

 Here, the record reflects that appellant participated in the events leading to the
dismissal of his case by filing (1) a motion requesting a stay pursuant to Section 14.005(c)
of the Texas Civil Practice and Remedies Code, (2) a motion to consolidate his complaint
with a complaint previously filed under a separate cause number, (3) a first "supplemental"
complaint, (4) an unsworn declaration of the status of a grievance he filed with the Texas
Department of Criminal Justice, (5) an affidavit of previous filings, (6) an application to
proceed in forma pauperis, (7) a certified copy of his inmate trust account, (8) an amended
or substitute first supplemental complaint, and (9) seven witness statements, all filed
before the trial court dismissed appellant's petition. 

 Just as disposition by summary judgment, without participation in a formal trial, is
provided for under the authority conferred by Rule of Civil Procedure 166a, see Thacker,
496 S.W.2d at 204 (applying participation requirement to summary judgment proceeding),
Chapter 14 expressly provides for dismissal of cases subject to its provisions, before or
after service of process, if the court makes the specified findings. Tex. Civ. Prac. & Rem.
Code § 14.003. The statute authorizes but does not require a fact-finding hearing. Tex.
Civ. Prac. & Rem. Code § 14.003(c). The trial court did not hold a hearing prior to
dismissing appellant's complaint as frivolous; dismissal accordingly was based on the
pleadings on file at the time of the dismissal. Under the unique provisions applicable to
inmate litigation under Chapter 14, we find that appellant, by filing his numerous pleadings,
participated to the extent Chapter 14 requires in the decision-making event that resulted
in dismissal of his suit. 

 Our conclusion is consistent with the distinction historically drawn between those
who should use a speedier ordinary appeal and those whose circumstances make appeal
by writ of error, now restricted appeal, appropriate. See Texaco, Inc., 925 S.W.2d at 590-91; Lawyers Lloyds v. Webb, 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (Tex. 1941);
Thacker, 496 S.W.2d at 204. A party who participates in the proceedings leading up to the
judgment is familiar with the record and is in a position to prepare an appeal on short
notice. Lawyers Lloyds, 137 Tex. at 111, 152 S.W.2d at 1098. A party who has not
participated in the actual trial is unfamiliar with the record and may need additional time in
which to familiarize himself with the record. Id. In a dismissal, before service of process,
pursuant to Chapter 14, the inmate plaintiff is familiar with the record, composed of his own
pleadings, and should not need additional time to prepare a simple notice of appeal. 

 Because the non-participation requirement is mandatory and jurisdictional, (4) when
an appellate court determines that an appellant participated in the hearing that resulted in
the judgment complained of, the appropriate action is to dismiss the appeal for lack of
jurisdiction. Dillard v. Patel, 809 S.W.2d 509, 512 (Tex.App.--San Antonio 1991, writ
denied). 

 The record indicates that appellant participated in the decision-making events that
led to the dismissal of his case and as a result he does not meet the requirements for a
restricted appeal. His notice of appeal was therefore untimely filed; accordingly, we dismiss
the appeal for want of jurisdiction. Tex. R. App. P. 42.3. 


 James T. Campbell

 Justice 
1. All references to Chapter 14 refer to Chapter 14 of the Texas Civil Practices and
Remedies Code Annotated (Vernon 2002). 
2. 
 - 

3. Former Rule of Appellate Procedure 45 was superseded in 1997 by the current
Rule 30. Rule 30 replaced the former writ of error appeal with a restricted appeal. The
"participation" language also was refined; Rule 45 denied writ of error appeal to one who
had participated in the "actual trial of the case." 
4. Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc., 784 S.W.2d
122, 124 (Tex.App.--Austin 1990, writ denied) (citing Nutter v. Phares, 523 S.W.2d 292,
293 (Tex.Civ.App.--Beaumont 1975, writ ref'd n.r.e.)).