Opinion issued March 10, 2005













In The
Court of Appeals
For The
First District of Texas
 

 

NO. 01-04-00265-CV
____________

RALPH O. DOUGLAS, Appellant

V.

AMERICAN TITLE COMPANY AND CATHERINE YORK, Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2003-25922
 

 

MEMORANDUM OPINION
          In this restricted appeal, appellant, Ralph O. Douglas (Douglas), challenges the
trial court’s rendition of summary judgment in favor of appellees, American Title
Company (ATC) and Catherine York, in Douglas’s suit for breach of contract. In
fourteen points of error,


 Douglas contends that the trial court erred in granting
ATC’s and York’s summary judgment motion because the evidence was legally and
factually insufficient to prove that Douglas did not have title to real property located
at 4703 Sauer in Houston, Texas (the “Sauer property”); the evidence was legally and
factually insufficient to prove that he did not fund his proposed repurchase of the
Sauer property; the evidence was legally and factually insufficient to prove that ATC
and York did not have a duty to close on the proposed transaction involving the Sauer
property; York’s affidavit was legally and factually insufficient to prove that Douglas
did not have title to the Sauer property; ATC’s and York’s “Exhibit D,” which
included a letter sent to York from the attorney of Douglas’s mortgage company and
a general warranty deed executed by a trustee, was legally and factually sufficient to
prove that Douglas had title to the Sauer property; there was no evidence that Douglas
did not have title to the Sauer property; the trial court abused its discretion in granting
ATC’s and York’s summary judgment motion when the motion had no supporting
evidence to prove that Douglas did not have title to the Sauer property; ATC and
York neither negated an essential element of Douglas’s claim nor established an
affirmative defense to Douglas’s claims; and the trial court did not accept as true
Douglas’s response to ATC’s and York’s summary judgment motion. Because the
record shows that Douglas participated in the proceedings below, we have no
jurisdiction over the restricted appeal. We dismiss this appeal. 
Factual and Procedural Background
          In his original petition, Douglas alleged that, in May 1999, he contracted with
ATC and York to have title services performed on six of his properties. However, in
June 1999, a Harris County grand jury indicted Douglas for real estate fraud. 
According to Douglas’s petition, M. Lankford, a representative of the Harris County
District Attorney’s Office, notified York to immediately stop performing title services
on the properties because such properties were involved in fraudulent transactions. 
Thereafter, because ATC did not “close” on the Sauer property, Douglas’s mortgage
company foreclosed on the property. Thereafter, Douglas brought suit against ATC
and York for breach of contract, alleging that ATC and York failed in their duty to
close on the Sauer property because (1) such property was never involved in the
fraudulent transactions; (2) such property had a “City of Houston Condemn Property
Lien” on it; (3) Douglas’s mortgage company extended the time to close on such
property due to the lien; and (4) Douglas secured a release of the lien. Both ATC and
York filed answers in which they generally denied Douglas’s allegations and
specifically denied that they had a duty to close on the Sauer property and that they
breached a contract with Douglas. 
          On August 1, 2003, ATC and York filed a summary judgment motion, with
supporting evidence attached, asserting that they were entitled to judgment as a matter
of law because they had no duty to close the real estate transaction. Specifically,
ATC and York asserted that they had no such duty because Douglas (1) did not have
title to the Sauer property, (2) was undertaking to sell property that he did not own,
and (3) did not fund his proposed repurchase of the property.
          On August 15, 2003, Douglas filed a response to ATC’s and York’s summary
judgment motion, asserting that the motion should be denied because ATC’s and
York’s summary judgment evidence established that Douglas “had good and
defeasible title” and that he had obtained “authorized, approved, and available”
funding from his mortgage company to repurchase the Sauer property. There is no
evidence in the record that Douglas attached any controverting affidavits or other
evidence to his response. 
          On September 2, 2003, the trial court, without specifying the grounds upon
which it relied, granted ATC’s and York’s summary judgment motion. Subsequently,
on March 22, 2004, this court received Douglas’s second notice of restricted appeal
from the trial court.



Analysis
           A restricted appeal is a direct attack on a judgment. Roventini v. Ocular
Sciences, Inc., 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
To attack a judgment by a restricted appeal, the appeal must be filed (1) within six
months after the trial court signs the judgment; (2) by a party to the suit; (3) who,
either in person or through counsel, did not participate at trial; and (4) the error must
be apparent from the face of the record. Tex. R. App. P. 26.1(c),


 30


; Alexander v.
Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex. 2004); Roventini, 111 S.W.3d at 721. 
These elements are mandatory, jurisdictional, and cannot be waived. Diferrante v.
Keraga, 976 S.W.2d 683, 685 (Tex. App.—Houston [1st Dist.] 1997, no writ). 
            A restricted appeal is available only to a party who did not participate in the
hearing that resulted in the judgment complained of. Tex. R. App. P. 30. The pivotal
question to be answered when analyzing the participation requirement of a restricted
appeal is whether the appellant took part in the decision-making event that resulted
in the adjudication of his rights. Texaco, Inc. v. Cent. Power & Light Co., 925
S.W.2d 586, 589 (Tex. 1996). The level of participation by a party is a question of
degree. Id. Furthermore, the nature and extent of participation that precludes a
restricted appeal depends upon the procedural posture of the case. Id. In the context
of a summary judgment proceeding, the parties’ “participation” occurs prior to the
submission of a case. Id.; Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985);
Thacker v. Thacker, 496 S.W.2d 201, 204 (Tex. Civ. App.—Amarillo 1973, writ
dism’d). 
          Taking part in all steps of a summary judgment proceeding, other than
appearing at a hearing on the motion, is “participation.” Cent. Power, 925 S.W.2d
at 589; Stubbs, 685 S.W.2d at 645. Specifically, we note that several Texas courts
have held, for purposes of a summary judgment proceeding, that a party “participates”
when he files a response with controverting evidence. See Cent. Power, 925 S.W.2d
at 589; Stubbs, 685 S.W.2d at 645; Bowles v. Cook, 894 S.W.2d 65, 67 (Tex.
App.—Houston [14th Dist.] 1995, no writ); Dillard v. Patel, 809 S.W.2d 509, 511-12
(Tex. App.—San Antonio 1991, writ denied); Norman v. Dallas Cowboys Football
Club, Inc., 665 S.W.2d 137, 139-40 (Tex. App.—Dallas 1983, no writ); Thacker, 496
S.W.2d at 204-05. Furthermore, this court has held that, on the other hand, when an
appellant neither files a response nor appears at the hearing on a summary judgment
motion, a restricted appeal is permissible. Havens v. Ayers, 886 S.W.2d 506, 509
(Tex. App.—Houston [1st Dist.] 1994, no writ). 
          In this case, the record shows that Douglas participated in the decision-making
events that resulted in the summary judgment entered in favor of ATC and York. 
Specifically, the record reflects that he participated by filing a response to ATC’s and
York’s summary judgment motion, whereby he challenged ATC’s and York’s
assertions. Such action negates Douglas’s right to a restricted appeal. Because
Douglas participated in the summary judgment proceeding to an extent that he cannot
pursue a restricted appeal, we do not have jurisdiction to hear Douglas’s restricted
appeal. See Diferrante, 976 S.W.2d at 685. 
 
 
Conclusion
          Accordingly, we dismiss the appeal for lack of jurisdiction and do not reach the
merits of Douglas’s appeal.
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.