NO. 07-06-0382-CR


 07-06-0383-CR

 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 30, 2007



______________________________


 

MICHAEL ANTHONY SAM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 93823, 93824; HONORABLE LARRY GIST, JUDGE


_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON ABATEMENT AND REMAND


 Appellant Michael Anthony Sam has filed a notice of appeal from the trial court's
judgment revoking his community supervision in two causes. First, in appellate cause
number 07-06-0382-CR, he appeals the judgment adjudicating him guilty of delivery of a
controlled substance and imposing a sentence that included confinement in the Institutional
Division of the Texas Department of Criminal Justice for a period of five years. 

 In cause number 07-06-0383-CR, appellant has filed his notice of appeal from the
trial court's judgment revoking his community supervision, adjudicating him guilty of
delivery of marijuana and imposing a sentence that included confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of 18 months.

 The trial court certified appellant's right to appeal in both cases. On October 3, 2006,
the appeals were transferred from the Ninth District Court of Appeals to this Court. The
appellate court clerk received and filed the trial court clerk's record on September 13, 2006,
and received and filed the reporter's record on October 13, 2006. 

 Appellant's brief in both cases was originally due on November 13, 2006. This
Court's November 27, 2006 letter informed appellant's appointed attorney of the original due
date and stated that if the brief or a response was not received by December 7, 2006, the
appeals would be abated to the trial court. Tex. R. App. P. 38.8(b). Although appellant did
not file his brief, counsel for appellant faxed a communication to this Court on December 12,
2006 which requested an extension of time to file his brief to January 4, 2007. By our letter
dated January 5, 2007, counsel was advised that if the brief was not filed by January 19,
2007, the appeals would be abated to the trial court. As of this date, we have not received
a brief in either appeal, or further communication from counsel. 

 Accordingly, the appeals are abated and the causes are remanded to the trial court. 
Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing, at which appellant's
present counsel shall personally appear, to determine: 

 (1) whether appellant desires to prosecute these appeals;


 if appellant desires to prosecute these appeals, the reasons for appellant's
counsel's failure to timely file a brief;



 if appellant desires to prosecute these appeals, whether appellant's present
counsel should be replaced; and
 what orders, if any, should be entered to assure that the appeals will be
diligently pursued if appellant desires to prosecute these appeals.



If the trial court determines that the present attorney for appellant should be replaced, the
court shall cause the clerk of this Court to be furnished the name, address, and State Bar
of Texas identification number of the newly-appointed attorney. 

 In support of its determination, the trial court shall prepare and file written findings of
fact and conclusions of law and cause them to be included in a supplemental clerk's record. 
The hearing proceedings shall be transcribed and included in a supplemental reporter's
record. Those supplemental records shall be submitted to the clerk of this Court no later
than March 1, 2007.

 Per Curiam

Do not publish. 



 to the suit; (3) who did not
participate in the hearing that resulted in the judgment complained of and did not timely file
any post-judgment motions or requests for findings of fact and conclusions of law; and (4)
error is apparent on the face of the record. See Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004); Quaestor Invs., Inc. v. Chiapas, 997 S.W.2d 226, 227 (Tex.
1999) (applying former Rule of Appellate Procedure 45). (3) Starks meets the first two
elements. We consider here whether Starks participated in the hearing that resulted in
dismissal of his cause of action, such that he is disqualified from pursuing a restricted
appeal. 

 The participation element focuses on a litigant's participation in the "decision-making
event" that resulted in the judgment complained of on appeal. See Texaco, Inc. v. Central
Power & Light Co., 925 S.W.2d 586, 589-90 (Tex. 1996) (also applying former Rule 45);
Aviation Composite Technologies, Inc. v. CLB Corp., 131 S.W.3d 181, 185 (Tex.App.-Fort
Worth 2004, no pet.); Diferrante v. Keraga, 976 S.W.2d 683, 685 (Tex.App.-Houston [1st
Dist.] 1997, no writ) (applying Rule 45). Courts have recognized the nature and extent of
participation that will preclude a restricted appeal is a matter of degree, because the rule
must be applied in a wide variety of procedural settings. See Texaco, Inc. 925 S.W.2d at
589; Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (applying former Article 2249a
of Texas Revised Civil Statutes); Thacker v. Thacker, 496 S.W.2d 201, 203
(Tex.Civ.App.-Amarillo 1973, writ dism'd) (also applying former Article 2249a). In
Diferrante the court held that the plaintiff's filing of a response to a motion to dismiss and
for sanctions for failure to file an expert report in a health care liability case, together with
other pleadings, constituted sufficient participation in the events leading to dismissal of the
case to bar a writ of error appeal under former Rule 45. Diferrante, 976 S.W.2d at 685.

 Here, the record reflects that appellant participated in the events leading to the
dismissal of his case by filing (1) a motion requesting a stay pursuant to Section 14.005(c)
of the Texas Civil Practice and Remedies Code, (2) a motion to consolidate his complaint
with a complaint previously filed under a separate cause number, (3) a first "supplemental"
complaint, (4) an unsworn declaration of the status of a grievance he filed with the Texas
Department of Criminal Justice, (5) an affidavit of previous filings, (6) an application to
proceed in forma pauperis, (7) a certified copy of his inmate trust account, (8) an amended
or substitute first supplemental complaint, and (9) seven witness statements, all filed
before the trial court dismissed appellant's petition. 

 Just as disposition by summary judgment, without participation in a formal trial, is
provided for under the authority conferred by Rule of Civil Procedure 166a, see Thacker,
496 S.W.2d at 204 (applying participation requirement to summary judgment proceeding),
Chapter 14 expressly provides for dismissal of cases subject to its provisions, before or
after service of process, if the court makes the specified findings. Tex. Civ. Prac. & Rem.
Code § 14.003. The statute authorizes but does not require a fact-finding hearing. Tex.
Civ. Prac. & Rem. Code § 14.003(c). The trial court did not hold a hearing prior to
dismissing appellant's complaint as frivolous; dismissal accordingly was based on the
pleadings on file at the time of the dismissal. Under the unique provisions applicable to
inmate litigation under Chapter 14, we find that appellant, by filing his numerous pleadings,
participated to the extent Chapter 14 requires in the decision-making event that resulted
in dismissal of his suit. 

 Our conclusion is consistent with the distinction historically drawn between those
who should use a speedier ordinary appeal and those whose circumstances make appeal
by writ of error, now restricted appeal, appropriate. See Texaco, Inc., 925 S.W.2d at 590-91; Lawyers Lloyds v. Webb, 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (Tex. 1941);
Thacker, 496 S.W.2d at 204. A party who participates in the proceedings leading up to the
judgment is familiar with the record and is in a position to prepare an appeal on short
notice. Lawyers Lloyds, 137 Tex. at 111, 152 S.W.2d at 1098. A party who has not
participated in the actual trial is unfamiliar with the record and may need additional time in
which to familiarize himself with the record. Id. In a dismissal, before service of process,
pursuant to Chapter 14, the inmate plaintiff is familiar with the record, composed of his own
pleadings, and should not need additional time to prepare a simple notice of appeal. 

 Because the non-participation requirement is mandatory and jurisdictional, (4) when
an appellate court determines that an appellant participated in the hearing that resulted in
the judgment complained of, the appropriate action is to dismiss the appeal for lack of
jurisdiction. Dillard v. Patel, 809 S.W.2d 509, 512 (Tex.App.--San Antonio 1991, writ
denied). 

 The record indicates that appellant participated in the decision-making events that
led to the dismissal of his case and as a result he does not meet the requirements for a
restricted appeal. His notice of appeal was therefore untimely filed; accordingly, we dismiss
the appeal for want of jurisdiction. Tex. R. App. P. 42.3. 


 James T. Campbell

 Justice 
1. All references to Chapter 14 refer to Chapter 14 of the Texas Civil Practices and
Remedies Code Annotated (Vernon 2002). 
2. 
 - 

3. Former Rule of Appellate Procedure 45 was superseded in 1997 by the current
Rule 30. Rule 30 replaced the former writ of error appeal with a restricted appeal. The
"participation" language also was refined; Rule 45 denied writ of error appeal to one who
had participated in the "actual trial of the case." 
4. Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc., 784 S.W.2d
122, 124 (Tex.App.--Austin 1990, writ denied) (citing Nutter v. Phares, 523 S.W.2d 292,
293 (Tex.Civ.App.--Beaumont 1975, writ ref'd n.r.e.)).