NO. 07-03-0278-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 30, 2004

_____

RICKY D. STARKS, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 90,654-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**OPINION**

On February 19, 2003, appellant Ricky D. Starks filed a petition, *pro se*, alleging personal injuries under the Texas Tort Claims Act. Starks is an inmate housed in the William P. Clements Unit of the Institutional Division of the Texas Department of Criminal Justice. On that same day he filed an application to proceed *in forma pauperis*. Starks' petition was dismissed by the trial court on March 5, 2003, before service of process on

the named defendants and without a fact-finding hearing. The suit was dismissed as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code[1] and Starks appeals the dismissal. We will dismiss the appeal for lack of jurisdiction.

Starks filed a request with the trial court for findings of fact and conclusions of law on May 5, 2003, sixty-one days after the judgment dismissing his case was signed. He filed his notice of appeal on June 9, 2003. We later notified Starks by letter that his appeal appeared to be untimely and was subject to dismissal for want of jurisdiction.[2] Tex. R. App. P. 42.3. We gave him an opportunity to respond.

Starks' February 19, 2003, pleading was entitled "Plaintiff's Amended or Substitute First Supplemental Complaint Against the Texas Department of Criminal Justice." It asserted essentially the same claims Starks had presented in an earlier-filed pleading and the trial court clerk filed it in trial court cause number 90,654-B, the same cause as the earlier pleading. Starks' response to this court's letter indicates he was confused when he received notice, pursuant to Rule of Civil Procedure 306a, of the trial court's dismissal of cause number 90,654-B, apparently wrongly believing the dismissal simply meant the court had dismissed his previously-filed complaint and had replaced it with the February 19 filing. His response indicates his misunderstanding of the effect of his filing of an amended petition. *See* Tex. R. Civ. P. 62-65. With respect to his compliance with applicable rules

---

[1]All references to Chapter 14 refer to Chapter 14 of the Texas Civil Practices and Remedies Code Annotated (Vernon 2002).

[2]The appeal was docketed and allowed to proceed because it first appeared to be a timely-filed restricted appeal. As we discuss later in this opinion, we now conclude otherwise.

and procedures, even though he is proceeding *pro se*, Starks is held to the same standard as a licensed attorney. *See Greenstreet v. Heiskell*, 940 S.W.2d 831 (Tex.App.–Amarillo 1997, no writ).

In documents filed with this court, Starks acknowledges that he received notice pursuant to Rule of Civil Procedure 306a of the judgment dismissing trial court cause number 90,654-B, within twenty days of the signing of the judgment on March 5, 2003. The provisions of Rule of Civil Procedure 306a(4), therefore, have no application here. The notice of dismissal received by Starks contained the information necessary for him to file a timely notice of appeal.

A notice of appeal must be filed within thirty days after a judgment is signed. Tex. R. App. P. 26.1. This time period is extended to ninety days if a timely request for findings of fact and conclusions of law is filed and such findings are either required by the Rules of Civil Procedure, or could properly be considered by the appellate court. Tex. R. App. P. 26.1(a)(4). Under Rule 296 of the Rules of Civil Procedure a request for findings of fact and conclusions of law must be filed with the clerk of the court within twenty days after the judgment is signed. Tex. R. Civ. P. 296. As noted, appellant filed his request sixty-one days after the judgment was signed. Because appellant's request for findings of fact and conclusions of law was not filed in a timely manner, the time period for filing a notice of appeal was not extended and appellant's notice of appeal was due 30 days after the judgment was signed, or no later than April 4, 2003. Tex. R. App. P. 26.1.

Although Starks does not specifically identify his notice of appeal as a notice of restricted appeal, the notice contains language that indicates he is attempting to pursue a restricted appeal. A party who did not participate in the hearing that resulted in the judgment complained of, and who did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), is allowed additional time to file a notice of appeal, pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, providing for restricted appeals. A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex.App.--Fort Worth 2000, no pet.).

A restricted appeal is allowed only if (1) the notice of appeal is filed within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Quaestor Invs., Inc. v. Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (applying former Rule of Appellate Procedure 45).[3] Starks meets the first two elements. We consider here whether Starks participated in the hearing that resulted in

---

[3]Former Rule of Appellate Procedure 45 was superseded in 1997 by the current Rule 30. Rule 30 replaced the former writ of error appeal with a restricted appeal. The "participation" language also was refined; Rule 45 denied writ of error appeal to one who had participated in the "actual trial of the case."

dismissal of his cause of action, such that he is disqualified from pursuing a restricted appeal.

The participation element focuses on a litigant's participation in the "decision-making event" that resulted in the judgment complained of on appeal. *See Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589-90 (Tex. 1996) (also applying former Rule 45); *Aviation Composite Technologies, Inc. v. CLB Corp.*, 131 S.W.3d 181, 185 (Tex.App.–Fort Worth 2004, no pet.); *Diferrante v. Keraga*, 976 S.W.2d 683, 685 (Tex.App.–Houston [1st Dist.] 1997, no writ) (applying Rule 45). Courts have recognized the nature and extent of participation that will preclude a restricted appeal is a matter of degree, because the rule must be applied in a wide variety of procedural settings. *See Texaco, Inc.* 925 S.W.2d at 589; *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (applying former Article 2249a of Texas Revised Civil Statutes); *Thacker v. Thacker*, 496 S.W.2d 201, 203 (Tex.Civ.App.–Amarillo 1973, writ dism'd) (also applying former Article 2249a). In *Diferrante* the court held that the plaintiff's filing of a response to a motion to dismiss and for sanctions for failure to file an expert report in a health care liability case, together with other pleadings, constituted sufficient participation in the events leading to dismissal of the case to bar a writ of error appeal under former Rule 45. *Diferrante*, 976 S.W.2d at 685.

Here, the record reflects that appellant participated in the events leading to the dismissal of his case by filing (1) a motion requesting a stay pursuant to Section 14.005(c) of the Texas Civil Practice and Remedies Code, (2) a motion to consolidate his complaint with a complaint previously filed under a separate cause number, (3) a first "supplemental"

complaint, (4) an unsworn declaration of the status of a grievance he filed with the Texas Department of Criminal Justice, (5) an affidavit of previous filings, (6) an application to proceed *in forma pauperis*, (7) a certified copy of his inmate trust account, (8) an amended or substitute first supplemental complaint, and (9) seven witness statements, all filed before the trial court dismissed appellant's petition.

Just as disposition by summary judgment, without participation in a formal trial, is provided for under the authority conferred by Rule of Civil Procedure 166a, *see Thacker*, 496 S.W.2d at 204 (applying participation requirement to summary judgment proceeding), Chapter 14 expressly provides for dismissal of cases subject to its provisions, before or after service of process, if the court makes the specified findings. Tex. Civ. Prac. & Rem. Code § 14.003. The statute authorizes but does not require a fact-finding hearing. Tex. Civ. Prac. & Rem. Code § 14.003(c). The trial court did not hold a hearing prior to dismissing appellant's complaint as frivolous; dismissal accordingly was based on the pleadings on file at the time of the dismissal. Under the unique provisions applicable to inmate litigation under Chapter 14, we find that appellant, by filing his numerous pleadings, participated to the extent Chapter 14 requires in the decision-making event that resulted in dismissal of his suit.

Our conclusion is consistent with the distinction historically drawn between those who should use a speedier ordinary appeal and those whose circumstances make appeal by writ of error, now restricted appeal, appropriate. *See Texaco, Inc.*, 925 S.W.2d at 590-91; *Lawyers Lloyds v. Webb*, 137 Tex. 107, 110, 152 S.W.2d 1096, 1097 (Tex. 1941);

*Thacker*, 496 S.W.2d at 204. A party who participates in the proceedings leading up to the judgment is familiar with the record and is in a position to prepare an appeal on short notice. *Lawyers Lloyds*, 137 Tex. at 111, 152 S.W.2d at 1098. A party who has not participated in the actual trial is unfamiliar with the record and may need additional time in which to familiarize himself with the record. *Id.* In a dismissal, before service of process, pursuant to Chapter 14, the inmate plaintiff is familiar with the record, composed of his own pleadings, and should not need additional time to prepare a simple notice of appeal.

Because the non-participation requirement is mandatory and jurisdictional,[4] when an appellate court determines that an appellant participated in the hearing that resulted in the judgment complained of, the appropriate action is to dismiss the appeal for lack of jurisdiction. *Dillard v. Patel,* 809 S.W.2d 509, 512 (Tex.App.--San Antonio 1991, writ denied).

The record indicates that appellant participated in the decision-making events that led to the dismissal of his case and as a result he does not meet the requirements for a restricted appeal. His notice of appeal was therefore untimely filed; accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3.

James T. Campbell
Justice

---

[4]*Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.*, 784 S.W.2d 122, 124 (Tex.App.--Austin 1990, writ denied) *(citing Nutter v. Phares*, 523 S.W.2d 292, 293 (Tex.Civ.App.--Beaumont 1975, writ ref'd n.r.e.)).