NO. 07-05-0323-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 10, 2006



______________________________




FERNANDO SAN LUIS, APPELLANT



V.



BLANCA D. BARAHONA AND MARTA A. REYES, APPELLEES




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2003-594806; HONORABLE PAULA LANEHART, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION

 By restricted appeal, appellant Fernando San Luis challenges a default judgment
rendered in favor of appellees Blanca D. Barahona and Marta A. Reyes. By two issues,
Luis contends the trial court erred in rendering default judgment because (1) it failed to
strictly comply with an order for substituted service of citation, and (2) it failed to hear
evidence with respect to unliquidated damages. We reverse and remand.

 In October 2001, Luis was involved in an automobile collision with Barahona and
Reyes. Barahona and Reyes subsequently filed this suit alleging negligence and seeking
to recover damages sustained as a result of the collision. On November 24, 2003, after
several unsuccessful attempts to serve citation, Barahona and Reyes filed a motion for
substituted service supported by an affidavit pursuant to Rule 106(b) of the Rules of Civil
Procedure. Counsel for Barahona and Reyes filed another supporting affidavit on
December 1, 2003, attesting Luis could be served at his "usual place of abode" at 5207
Loyce Street, Amarillo, Texas 79109. The same day, the trial court entered an order
granting the motion for substituted service and ordering that service of citation could be
made by leaving a copy of the citation, a copy of the petition, and a copy of the order with
any person sixteen years of age at the following location:

 Defendant's usual place of abode: 5207 Loyce Street, Amarillo, Texas
79109.


 On December 5, 2003, citation was filed with a return indicating Luis was served
through Gunny Sgt. David Clark at 1100 S. Fillmore in Potter County, Texas. When Luis
subsequently failed to appear, the trial court issued notice of intent to dismiss for want of
prosecution. On March 4, 2005, following a status request, the court rendered default
judgment in favor of Barahona and Reyes. Luis timely filed this restricted appeal per Rule
30 of the Rules of Appellate Procedure. 

 A restricted appeal is available for the limited purpose of providing a party who did
not participate at trial with the opportunity to correct an erroneous judgment. Starks v.
Texas Dept. Crim. Justice, 153 S.W.3d 621, 624 (Tex.App.-Amarillo 2004, no pet.). In
order to be entitled to relief by restricted appeal, Luis, being a party to the suit, must file his
petition within six months of the date of judgment, demonstrate that he did not participate
in the trial, and show that error is apparent from the face of the record. See Tex. R. App.
P. 26.1, 30; Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985). 

 Considering the issues in logical order, we first consider Luis's second issue by
which he contends the trial court erred in rendering a default judgment against him
awarding Barahona and Reyes monetary damages for personal injuries sustained in the
accident without hearing evidence to support the award. We agree.

 Although the default judgment (1) signed by the trial court recites that evidence was
"considered," the docket sheet simply reflects that default judgment was rendered on
Barahona and Reyes's claims. According to the affidavit of due diligence in the clerk's
record, the court reporter avers that upon a search of the court records, the plaintiffs did
not appear in person and that the default judgment was signed without appearance by
either party to the case and without taking evidence in the matter. Rule 243 of the Rules
of Civil Procedure requires that if the cause of action is unliquidated, the trial court shall
hear evidence before rendering judgment. In Arenivar v. Providian Nat. Bank, 23 S.W.3d
496, 498 (Tex.App.-Amarillo 2000, no pet.), we held the trial court erred in rendering
judgment without hearing evidence. 

 Moreover, the default judgment does not conform to the pleadings contrary to Rule
301 of the Rules of Civil Procedure. Here, the pleadings of Barahona and Reyes did not
seek to recover attorney's fees; however, among other things, the default judgment
awarded Barahona and Reyes each $5,000 in attorney's fees. Accordingly, the trial court
erred in rendering judgment for attorney's fees. E.g., City of Austin v. Castillo, 25 S.W.3d
309, 314 (Tex.App.-Austin 2000, pet. denied). Luis's second issue is sustained. Our
disposition of this issue pretermits our consideration of the remaining issue. Tex. R. App.
P. 47.1.

 Accordingly, the default judgment is reversed and the cause is remanded for further
proceedings.

 Don H. Reavis

 Justice

 

 
1. It appears that the judgment was prepared by and approved as to form by counsel
for Barahona and Reyes.



to an alley. Upon talking to Hodges, White was told that Hodges was parked there while
appellant went down the alley to use the restroom. Shortly thereafter, appellant appeared
from some bushes near a vacant house. This was the same vacant house that appellant
was ultimately charged with burglarizing. White questioned appellant and she was
released. White discovered the owner of the vacant house, interviewed her, and
discovered that certain items had been taken from the house. Upon returning to the vacant
house, White found a number of items stacked on the front porch, including a purse that
contained no identification. Some days later, White went to appellant’s place of
employment to interview her about the burglary at the vacant house. Upon beginning the
interview, appellant began crying and made statements about the items left on the porch,
including the purse which she claimed belonged to her. White testified, at a pretrial
hearing, that during his interview with appellant he felt he had enough information to
formulate probable cause to arrest her. However, White further testified that he did not
attempt an arrest or inform appellant that he felt he had probable cause to arrest. At the
conclusion of this pretrial hearing on the admissibility of appellant’s oral statements, the
trial court ruled that they were admissible. Appellant was convicted of the charge of
burglary of a building and this appeal resulted.
 
Appellant’s Oral Statements
          Appellant’s sole contention is that, once officer White formulated in his mind that he
had probable cause to arrest appellant for the burglary of the vacant house, appellant was
in custody unless the officer had advised appellant that she was free to leave. According
to appellant, White rendered the oral statements inadmissible because, even though
appellant was in custody, she was not given her Miranda


 rights prior to making the
incriminating oral statement.
          We will review the decision of the trial court to overrule the motion to suppress de
novo, as there is no controversy regarding the factual background nor is the decision
based on the credibility of the witness. Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App.
1999). Appellant’s contention is grounded upon her view that the opinion in Dowthitt v.
State stands for the proposition that once an officer develops, in his own mind, probable
cause to arrest a suspect, the suspect is in custody for Miranda purposes unless the officer
advises the suspect that they are free to leave. See Dowthitt v. State, 931 S.W.2d 244,
254 (Tex.Crim.App. 1996). However, appellant misconstrues the Dowthitt holding. In
Dowthitt, the Texas Court of Criminal Appeals stated that the custody determination is
based entirely upon objective circumstances. Id. (citing Stansbury v. California, 511 U.S.
318, 324, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994)). A person is in custody only if it is
established that the manifestation of probable cause, combined with other circumstances,
would lead a reasonable person to believe that he is under restraint to the degree
associated with arrest. Id. 
          Given the facts in the record, it is clear that on the day of the interview at appellant’s
place of employment, it was never communicated to appellant that she was under arrest
or otherwise restrained of her freedom. Accordingly, the oral statements made by
appellant on that day were not the result of custodial interrogation and the trial court did
not err in admitting them before the jury. Id.
          Additionally, we note that appellant gave a written confession that was introduced
during the trial. Appellant has not attacked the introduction of the written confession before
the jury. Accordingly, that evidence is before the court for all purposes. A review of the
written statement reveals that it covers much of the same material and makes further
admissions. Therefore, even were we to find that the oral statements were admitted in
error, the written statement would render this error harmless beyond a reasonable doubt. 
Tex. R. App. P. 44.2(a).
Conclusion
          Having overruled appellant’s sole contention, the judgment of the trial court is
affirmed.
                                                                                      Mackey K. Hancock

                                                                                                 Justice



Do not publish.