NO. 07-05-0323-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 10, 2006

_____

FERNANDO SAN LUIS, APPELLANT

V.

BLANCA D. BARAHONA AND MARTA A. REYES, APPELLEES

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2003-594806; HONORABLE PAULA LANEHART, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

By restricted appeal, appellant Fernando San Luis challenges a default judgment

rendered in favor of appellees Blanca D. Barahona and Marta A. Reyes. By two issues,

Luis contends the trial court erred in rendering default judgment because (1) it failed to

strictly comply with an order for substituted service of citation, and (2) it failed to hear evidence with respect to unliquidated damages. We reverse and remand.

In October 2001, Luis was involved in an automobile collision with Barahona and Reyes. Barahona and Reyes subsequently filed this suit alleging negligence and seeking to recover damages sustained as a result of the collision. On November 24, 2003, after several unsuccessful attempts to serve citation, Barahona and Reyes filed a motion for substituted service supported by an affidavit pursuant to Rule 106(b) of the Rules of Civil Procedure. Counsel for Barahona and Reyes filed another supporting affidavit on December 1, 2003, attesting Luis could be served at his "usual place of abode" at 5207 Loyce Street, Amarillo, Texas 79109. The same day, the trial court entered an order granting the motion for substituted service and ordering that service of citation could be made by leaving a copy of the citation, a copy of the petition, and a copy of the order with any person sixteen years of age at the following location:

> Defendant's usual place of abode: 5207 Loyce Street, Amarillo, Texas 79109.

On December 5, 2003, citation was filed with a return indicating Luis was served through Gunny Sgt. David Clark at 1100 S. Fillmore in Potter County, Texas. When Luis subsequently failed to appear, the trial court issued notice of intent to dismiss for want of prosecution. On March 4, 2005, following a status request, the court rendered default

judgment in favor of Barahona and Reyes. Luis timely filed this restricted appeal per Rule 30 of the Rules of Appellate Procedure.

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. Starks v. Texas Dept. Crim. Justice, 153 S.W.3d 621, 624 (Tex.App.–Amarillo 2004, no pet.). In order to be entitled to relief by restricted appeal, Luis, being a party to the suit, must file his petition within six months of the date of judgment, demonstrate that he did not participate in the trial, and show that error is apparent from the face of the record. See Tex. R. App. P. 26.1, 30; Stubbs v. Stubbs, 685 S.W.2d 643, 644 (Tex. 1985).

Considering the issues in logical order, we first consider Luis's second issue by which he contends the trial court erred in rendering a default judgment against him awarding Barahona and Reyes monetary damages for personal injuries sustained in the accident without hearing evidence to support the award. We agree.

Although the default judgment[1] signed by the trial court recites that evidence was "considered," the docket sheet simply reflects that default judgment was rendered on Barahona and Reyes's claims. According to the affidavit of due diligence in the clerk's record, the court reporter avers that upon a search of the court records, the plaintiffs did not appear in person and that the default judgment was signed without appearance by

---

[1]It appears that the judgment was prepared by and approved as to form by counsel for Barahona and Reyes.

3

either party to the case and without taking evidence in the matter.  Rule 243 of the Rules of Civil Procedure requires that if the cause of action is unliquidated, the trial court shall hear evidence before rendering judgment.  In Arenivar v. Providian Nat. Bank, 23 S.W.3d 496, 498 (Tex.App.–Amarillo 2000, no pet.), we held the trial court erred in rendering judgment without hearing evidence.

Moreover, the default judgment does not conform to the pleadings contrary to Rule 301 of the Rules of Civil Procedure.  Here, the pleadings of Barahona and Reyes did not seek to recover attorney's fees; however, among other things, the default judgment awarded Barahona and Reyes each $5,000 in attorney's fees.  Accordingly, the trial court erred in rendering judgment for attorney's fees.  *E.g.,* City of Austin v. Castillo, 25 S.W.3d 309, 314 (Tex.App.–Austin 2000, pet. denied).   Luis's second issue is sustained.  Our disposition of this issue pretermits our consideration of the remaining issue.  Tex. R. App. P. 47.1.

Accordingly, the default judgment is reversed and the cause is remanded for further proceedings.

Don H. Reavis
Justice

4