NO. 07-06-0120-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 23, 2007

_____

IN THE INTEREST OF
T.C.T., D.C.T., C.N.T., AND N.C.T., IV, CHILDREN
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 05-07-20072; HONORABLE HAROLD PHELAN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By restricted appeal, appellant Alicia Marie Tipton challenges an order terminating her parental rights and appointing appellees, Jeanette and Ken Montgomery, as the managing conservators of her four children. Presenting two issues, Alicia contends the termination order should be reversed because the trial court proceeded with the case after informing her that no action would be taken until she completed an application for a court-appointed attorney. We affirm.

The contested termination order pertains to Alicia's children with her ex-husband, Nolan. In 2004, the Department of Family and Protective Services filed a suit affecting the parent-child relationship in Polk County. As a result of that suit, the Polk County Court issued an order naming Jeanette and Ken as the children's managing conservators and Alicia and Nolan as possessory conservators. Four months later, citing instances of continued neglect and drug use, Jeanette and Ken filed a petition in Polk County to terminate the parent-child relationship.[1] The petition was accompanied by an affidavit signed by Nolan voluntarily relinquishing his parental rights. Jeanette and Ken also simultaneously moved to transfer the suit to Hockley County, where they had resided with the children since 2004.

On April 6, 2005, Alicia was served with a copy of the petition and the motion to transfer at her residence in Goodlettsville, Tennessee. She failed to file a written answer or otherwise appear before the trial court. The court subsequently transferred the suit to Hockley County, and the termination hearing was originally scheduled for July 25, 2005. Two months after the transfer, Alicia contacted the Hockley County Court Coordinator and requested a continuance and appointed counsel. On August 19, 2005, the court faxed her an application for a court-appointed attorney and a letter stating that no action would be taken until the court received the completed form. When no response was received by the court, the termination hearing was rescheduled for September 27, 2005.

---

[1]Because of the prior proceeding, Jeanette and Ken filed the petition in Polk County.

Although the court sent notice of the rescheduled termination hearing on September 1, 2005, Alicia failed to appear on the scheduled date. At the hearing, multiple witnesses testified in support of the petition to terminate, including Jeanette and Ken. At the conclusion of the testimony, the trial court terminated the parent-child relationship and appointed Jeanette and Ken as the managing conservators. The trial court then signed the termination order and the clerk mailed notice of the judgment to Alicia. Upon learning of the judgment, Alicia submitted an application for a court-appointed attorney and was appointed counsel. She subsequently filed this restricted appeal.

Restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment. *Starks v. Tex. Dep't Criminal Justice*, 153 S.W.3d 621, 624 (Tex.App.–Amarillo 2004, no pet.). In order to prevail on a restricted appeal, the appellant must demonstrate that 1) she filed a notice of the appeal within six months of the date the judgment was signed, 2) she was a party to the underlying lawsuit, 3) she did not participate in the hearing that resulted in the judgment or timely file any postjudgment motions or requests for findings of fact and conclusions of law, and 4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record, for purposes of appellate review, consists of all the papers on file in the appeal, including the reporter's record. *See Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Although error must appear on the face of the record, our scope of review is the same as that in an ordinary appeal. *Id.* That is, we review the entire case. *Id.*

Here, the only dispute is whether error exists on the face of the record. By her issues, Alicia contends that it was error for the trial court to proceed with the termination hearing after informing her that no action would be taken until she completed and returned the application for appointed counsel. We disagree.

Although Alicia made an appearance by contacting the trial court and requesting appointed counsel, she took no further action regarding the suit until after she learned that her parental rights had been terminated. The record offers no explanation as to why she failed to complete and return the faxed application despite the trial court's instructions to "return the application as soon as possible." Instead, the record reflects that Alicia did not even complete an application for court appointed counsel until after the termination order was signed. Most importantly, the record also reflects that subsequent to the August 19, 2005 letter upon which Alicia relies as the basis for claiming that the trial court should not have taken further action, the trial court mailed her notice that the termination hearing had been rescheduled. In this regard, Alicia does not claim that she failed to receive this notice or that she was unaware of the rescheduled termination hearing. Instead, she contends that the trial court's decision to proceed with the case before she returned the completed application was "procedurally unsound."

Despite this contention, we disagree that the trial court was required to put the case on hold indefinitely or until Alicia decided to return the completed application. Alicia cites no compelling authority, nor are we aware of any, stating that a trial court taking action

4

contrary to a prior letter directive commits reversible error. To the contrary, we hold that by mailing notice that the termination hearing had been rescheduled, the trial court superseded its prior directive and provided sufficient notice to the parties that it was proceeding with the case. Upon receiving notice, Alicia could have obtained counsel by submitting the faxed application or she could have appeared pro se at the hearing on the scheduled date. She did neither. Therefore, the trial court had no choice but to proceed with the hearing without her. Alicia's issues are overruled.

Accordingly, the termination order is affirmed.


Patrick A. Pirtle
Justice