NO. 07-06-0120-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 23, 2007



___________________________





IN THE INTEREST OF 


T.C.T., D.C.T., C.N.T., AND N.C.T., IV, CHILDREN


_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 05-07-20072; HONORABLE HAROLD PHELAN, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

 By restricted appeal, appellant Alicia Marie Tipton challenges an order terminating
her parental rights and appointing appellees, Jeanette and Ken Montgomery, as the
managing conservators of her four children. Presenting two issues, Alicia contends the
termination order should be reversed because the trial court proceeded with the case after
informing her that no action would be taken until she completed an application for a court-appointed attorney. We affirm.

 The contested termination order pertains to Alicia's children with her ex-husband,
Nolan. In 2004, the Department of Family and Protective Services filed a suit affecting the
parent-child relationship in Polk County. As a result of that suit, the Polk County Court
issued an order naming Jeanette and Ken as the children's managing conservators and
Alicia and Nolan as possessory conservators. Four months later, citing instances of
continued neglect and drug use, Jeanette and Ken filed a petition in Polk County to
terminate the parent-child relationship. (1) The petition was accompanied by an affidavit
signed by Nolan voluntarily relinquishing his parental rights. Jeanette and Ken also
simultaneously moved to transfer the suit to Hockley County, where they had resided with
the children since 2004. 

 On April 6, 2005, Alicia was served with a copy of the petition and the motion to
transfer at her residence in Goodlettsville, Tennessee. She failed to file a written answer
or otherwise appear before the trial court. The court subsequently transferred the suit to
Hockley County, and the termination hearing was originally scheduled for July 25, 2005. 
Two months after the transfer, Alicia contacted the Hockley County Court Coordinator and
requested a continuance and appointed counsel. On August 19, 2005, the court faxed her
an application for a court-appointed attorney and a letter stating that no action would be
taken until the court received the completed form. When no response was received by the
court, the termination hearing was rescheduled for September 27, 2005. 

 Although the court sent notice of the rescheduled termination hearing on September
1, 2005, Alicia failed to appear on the scheduled date. At the hearing, multiple witnesses
testified in support of the petition to terminate, including Jeanette and Ken. At the
conclusion of the testimony, the trial court terminated the parent-child relationship and
appointed Jeanette and Ken as the managing conservators. The trial court then signed the
termination order and the clerk mailed notice of the judgment to Alicia. Upon learning of the
judgment, Alicia submitted an application for a court-appointed attorney and was appointed
counsel. She subsequently filed this restricted appeal.

 Restricted appeal is available for the limited purpose of providing a party who did not
participate at trial with the opportunity to correct an erroneous judgment. Starks v. Tex.
Dep't Criminal Justice, 153 S.W.3d 621, 624 (Tex.App.-Amarillo 2004, no pet.). In order
to prevail on a restricted appeal, the appellant must demonstrate that 1) she filed a notice
of the appeal within six months of the date the judgment was signed, 2) she was a party to
the underlying lawsuit, 3) she did not participate in the hearing that resulted in the judgment
or timely file any postjudgment motions or requests for findings of fact and conclusions of
law, and 4) error is apparent on the face of the record. See Tex. R. App. P. 30; Alexander
v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). The face of the record, for
purposes of appellate review, consists of all the papers on file in the appeal, including the
reporter's record. See Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997). Although error must appear on the face of the record, our scope of review
is the same as that in an ordinary appeal. Id. That is, we review the entire case. Id. 

 Here, the only dispute is whether error exists on the face of the record. By her
issues, Alicia contends that it was error for the trial court to proceed with the termination
hearing after informing her that no action would be taken until she completed and returned
the application for appointed counsel. We disagree.

 Although Alicia made an appearance by contacting the trial court and requesting
appointed counsel, she took no further action regarding the suit until after she learned that
her parental rights had been terminated. The record offers no explanation as to why she
failed to complete and return the faxed application despite the trial court's instructions to
"return the application as soon as possible." Instead, the record reflects that Alicia did not
even complete an application for court appointed counsel until after the termination order
was signed. Most importantly, the record also reflects that subsequent to the August 19,
2005 letter upon which Alicia relies as the basis for claiming that the trial court should not
have taken further action, the trial court mailed her notice that the termination hearing had
been rescheduled. In this regard, Alicia does not claim that she failed to receive this notice
or that she was unaware of the rescheduled termination hearing. Instead, she contends
that the trial court's decision to proceed with the case before she returned the completed
application was "procedurally unsound."

 Despite this contention, we disagree that the trial court was required to put the case
on hold indefinitely or until Alicia decided to return the completed application. Alicia cites
no compelling authority, nor are we aware of any, stating that a trial court taking action
contrary to a prior letter directive commits reversible error. To the contrary, we hold that by
mailing notice that the termination hearing had been rescheduled, the trial court superseded
its prior directive and provided sufficient notice to the parties that it was proceeding with the
case. Upon receiving notice, Alicia could have obtained counsel by submitting the faxed
application or she could have appeared pro se at the hearing on the scheduled date. She
did neither. Therefore, the trial court had no choice but to proceed with the hearing without
her. Alicia's issues are overruled.

 Accordingly, the termination order is affirmed.


 Patrick A. Pirtle

 Justice

 

 
1. Because of the prior proceeding, Jeanette and Ken filed the petition in Polk County. 




p.-Houston [1st Dist.] 1980,writ ref'd n.r.e.) (wherein evidence of the father's
commission of numerous robberies was admitted). Thus, the evidence regarding
appellant's recent history of criminal behavior (a history to which he generally admitted)
was admissible, and, it being admissible, counsel was not obligated to object to it to avoid
claims of ineffective assistance. Tong v. State, 25 S.W.3d at 714 (counsel's actions fell
within the wide range of reasonably professional assistance). Consequently, we find that
Todd's allegations of ineffectiveness are unfounded.

 Having found no arguable merit to the appeal, we affirm the order terminating
Todd's parental rights. 

 

 Per Curiam 

 


Publish. 
1. Anders v. California, 386 U.S.738, 87 S. Ct.1396, 18 L. Ed. 2d 493 (1967). 
2. The trial court appointed appellant counsel to represent Todd via the directives contained in the
Texas Family Code. Tex. Fam. Code Ann. § 107.013 (Vernon 1996) (stating that an indigent is entitled to
appointed counsel in proceedings to terminate the parental relationship). 
3. We assume, without deciding, that claims of ineffective assistance may be raised viz-a-viz the
action of an attorney appointed to represent one undergoing the termination of his parental rights. In re
J.M.S., 43 S.W.3d 60, 63 (Tex. App.-Houston [1st Dist.] 2001, no pet. hist.) (holding that an appellant can
assert such a claim); but see, In re B.B., 971 S.W.2d 160, 172 (Tex. App.-Beaumont 1998, pet. denied) (and
cases cited therein holding to the contrary). Indeed, logic suggests that if statute entitles an indigent to
counsel and the counsel appointed to represent him was less than reasonably competent, then the indigent
for all practical purposes did not receive the entitlement granted him by statute.