

NUMBER 13-07-00173-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JASON M. BRESHEARS,                                                       **Appellant,**

**v.**

GARY JOHNSON AND JANIE COCKRELL,                          **Appellees.**

## On appeal from the 267th District Court of De Witt County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Jason M. Breshears, an inmate confined in the Connally Unit within the Texas Department of Criminal Justice ("TDCJ") system, appeals the trial court's granting of joint motions for summary judgment filed by appellees, Gary Johnson and Janie Cockrell.[1] We dismiss this purported appeal for want of jurisdiction.

---

[1]Appellees are both former directors of the Texas Department of Criminal Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Breshears filed his original petition on December 5, 2002, seeking "equitable relief" from being required to work during his incarceration as a convicted felon.[2] Specifically, Breshears complained that he had been (1) forced to work against his will, (2) punished multiple times for not laboring, and (3) deprived of all compensation. On May 13, 2004, appellees filed a motion to dismiss, contending that Breshears had failed to state a claim upon which relief could be granted. The trial court granted appellees' motion to dismiss on May 17, 2004.

Breshears subsequently appealed the trial court's dismissal of his claims to this Court. We reversed and remanded, noting that both Breshears and appellees agreed that the case was improperly dismissed. *See Breshears v. Johnson*, No. 13-04-396-CV, 2005 Tex. App. LEXIS 3418, at **1-2 (Tex. App.–Corpus Christi May 5, 2005, no pet.) (mem. op.).

On August 7, 2006, appellees filed their joint motions for summary judgment on traditional and no-evidence grounds. In their motions, appellees argued that Breshears failed: (1) to overcome sovereign immunity; and (2) to bring a proper claim. On February 2, 2007, the trial court granted appellees' motions for summary judgment, noting that Breshears's "claims have no basis in law and Defendants [appellees] are entitled to sovereign immunity from suit."[3] The order was signed on the same day.

---

[2] In his original petition, Breshears based his suit on alleged violations of his constitutional rights afforded under the Texas Constitution. He later admitted that there is no state constitutional tort; however, he continued to assert that he may seek equitable relief for such violations.

[3] The trial court's order granting appellees' motions for summary judgment contained an error which was later corrected by the trial court after this Court abated Breshears's appeal. The trial court's order reflected that appellees' summary judgment motions were granted on February 2, 2006, when, in fact, they

Breshears filed a request for findings of fact and conclusions of law on February 20, 2007. The trial court denied Breshears's request on February 27, 2007, stating that the request was improper given that the case had been disposed of by summary judgment. Breshears then filed his notice of appeal on March 12, 2007. On March 20, 2007, Breshears was sent a notice regarding his late notice of appeal. The record does not contain an explanation from Breshears as to why his notice of appeal was untimely filed.

## II. APPELLATE JURISDICTION

This Court is obligated to determine, sua sponte, its jurisdiction to entertain an appeal. *See Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex. App.–Amarillo 1994, writ denied) (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990)). A timely filed notice of appeal invokes this Court's jurisdiction. *See* TEX. R. APP. P. 25.1, 26.1. Generally, a notice of appeal must be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. However, rule 26.1 of the rules of appellate procedure provides an exception to the thirty-day rule involving proper requests for findings of fact and conclusions of law. *See id.* Specifically, rule 26.1(a)(4) provides that a notice of appeal must be filed within ninety days after the judgment is signed if a party timely files "a request for findings of fact and conclusions of law . . . [that] *could properly be considered by the appellate court . . . .*" *Id.* at rule 26.1(a)(4) (emphasis added). Therefore, we must examine whether this Court could properly consider Breshears's request for findings of fact and conclusions of law.

Texas Rule of Civil Procedure 296 provides that "[i]n *any case tried in the district or*

_____

were granted on February 2, 2007. The order was corrected to reflect the proper date.

3

*county court without a jury*, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296 (emphasis added). In this case, however, there was no trial. Breshears's claims were disposed of by summary judgment without a hearing. Furthermore, the Texas Supreme Court has held that findings of fact and conclusions of law have no place at the summary judgment level. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam); *see also IKB Indus., Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) (noting that a party is not entitled to findings of fact and conclusions of law following summary judgment). Breshears's request for findings of fact and conclusions of law were not proper in this summary judgment case, and, therefore, his request did not serve to extend the time period governing the filing of a notice of appeal. *See Starks v. Tex. Dep't of Crim. Justice*, 153 S.W.3d 621, 624 (Tex. App.–Amarillo 2004, no pet.); *see also Stewart v. Tex. Dep't of Crim. Justice*, No. 14-01-00848-CV, 2002 Tex. App. LEXIS 6590, at *4 (Tex. App.–Houston [14th Dist.] Sept. 5, 2002, no pet.) (mem. op., not designated for publication) ("While we review a pro se plaintiff's pleadings by less stringent standards, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure.").

## III. CONCLUSION

Because Breshears did not file his notice of appeal within thirty days after the judgment was signed, we dismiss this cause for want of jurisdiction. *See Chavez v. Housing Auth. of El Paso*, 897 S.W.2d 523, 527 (Tex. App.–El Paso 1995, writ denied) (en banc) ("We hold that a request for findings of fact and conclusions of law after summary

4

judgment is rendered is not a bona fide attempt to invoke appellate jurisdiction."); TEX. R. APP. P. 25.1, 26.1; *see also Scott v. Walker*, No. 07-07-0318-CV, 2008 Tex. App. LEXIS 231, at **2-7 (Tex. App.–Amarillo Jan. 11, 2008, no pet.) (mem. op.); *Scott v. Wichita County*, No. 2-07-154-CV, 2007 Tex. App. LEXIS 5246, at **2-3 (Tex. App.–Fort Worth July 5, 2007, no pet.) (mem. op.) (providing that "absent a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal").


DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 26th day of August, 2008.