

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00164-CV
No. 07-15-00165-CV
No. 07-15-00166-CV
_____

DANNY LEE SHEAD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 8460-B, 8461-B & 19154-B; Honorable John B. Board, Presiding

June 25, 2015

## ORDER ON STATE'S MOTION TO DISMISS

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Danny Shead, is incarcerated for offenses relating back to the 1990s. On June 6, 1994, in cause number 8460-B, he was placed on deferred adjudication community supervision for indecency with a child. At the same time, in cause number 8461-B, he was convicted of the offense of sexual assault, sentenced to ten years confinement and a $1,000 fine, and placed on community supervision. On April 1,

1996, his deferred adjudication was revoked and he was sentenced to ten years confinement. That same day, in cause number 8461-B, his community supervision was revoked and the original sentence assessed. On January 22, 2008, in cause number 19,154-B, Shead was convicted of failure to comply with sex offender registration requirements, enhanced, and was sentenced to twelve years confinement and assessed a $1,000 fine. Two years later, on February 25, 2010, pursuant to section 501.014(e) of the Texas Government Code, the trial court signed an *Order to Withdraw Inmate Funds* in each of the three cases. More than four years after that, on May 22, 2014, the trial court entered *a Nunc Pro Tunc Order to Withdraw Funds* in each case.

In each case, on July 21, 2014, Shead filed an objection to the *nunc pro tunc* order. On September 23, 2014, he replead his objections as motions to rescind. On January 6, 2015, the district clerk filed a letter from Shead requesting that the motions be brought to the attention of the court. No notice of submission was sent, nor was a hearing held on those motions; however, on January 8, 2015, the trial court signed orders denying the relief requested. Shead filed a *Notice of Appeal* in each case on March 3, 2015. By opinion and judgments dated March 24, 2015, this court dismissed Shead's appeal due to the late-filed notices of appeal.[1]

Following the dismissal of his appeals, Shead filed a new document which this court has construed as a bona fide attempt to proceed with a restricted appeal. TEX. R. APP. P. 30. Rule 30 of the Texas Rules of Appellate Procedure provides in relevant part that a "party who did not participate—either in person or through counsel—in the

---

[1] *See Shead v. State*, Nos. 07-15-00084-CV, 07-15-00085-CV, and 07-15-00086-CV, 2015 Tex. App. LEXIS 2787, at *6 (Tex. App.—Amarillo March 24, 2015, no pet.).

hearing that resulted in the judgment complained of" may file a notice of appeal within the six-month period permitted by Rule 26.1(c). A restricted appeal is allowed if (1) the notice of appeal is filed within six months after the trial court signs the order or judgment being appealed, (2) by a party to the suit, (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file and any post-judgment motions or request for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Stark v. Tex. Dep't of Crim. Justice*, 153 S.W.3d 621, 625 (Tex. App.—Amarillo 2004, no pet.). Relying on *Stark,* the State has now moved to dismiss the appeals for want of jurisdiction. Shead has filed a response asserting the appeals should continue. For the reasons expressed herein, we deny the *State's Motion to Dismiss Appeal[s].*

The State does not dispute that Shead filed his notices of restricted appeal within six months of the appealable order or that Shead is a party to the underlying proceedings.[2] The State contends Shead *participated* in the "decision-making event" and thus cannot avail himself of a restricted appeal. We disagree.

The participation element of a restricted appeal focuses on a litigant's participation in the "decision-making event" that resulted in the judgment complained of on appeal. *Texaco v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996) (applying former Rule 45 relating to a writ of error). "It is the fact of nonparticipation, not

---

[2] While the State does not concede that error is apparent on the face of the record, in dismissing the original appeals, this court noted that Shead could be entitled to partial relief in cause number 8460-B for the erroneous assessment of a $1,000 fine that was apparent on the face of the record. *See Shead*, 2015 Tex. App. LEXIS, at *7 n.5.

the reason for it, that determines the right to a restricted appeal." *Parsons v. Dallas County*, 182 S.W.3d 451, 453 (Tex. App.—Dallas 2006, no pet.).

The underlying case is procedurally distinguishable from *Stark*. *Stark* involved an appeal by an inmate of the dismissal of his personal injury claim for the failure to comply with the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code pertaining to proceedings commenced without the payment of costs. The "decision-making event" was not the merits of the appellant's claim but was instead the appellant's failure to comply with the procedural requirements of Chapter 14. Based upon that record, this court found appellant had participated in the procedural decision-making event by filing (1) a motion requesting a stay, (2) a motion to consolidate other proceedings, (3) a "supplemental" complaint, (4) an unsworn declaration of the status of grievances filed with the Texas Department of Criminal Justice, (5) an affidavit of previous filings, (6) an application to proceed *in forma pauperis,* (7) a certified copy of his inmate trust account, (8) an amended or substitute first supplemental complaint, and (9) seven witness statements. *Stark*, 153 S.W.3d at 625.

By way of contrast, the "decision-making event" in this case was the trial court's decision to deny Shead's request that it rescind the *nunc pro tunc* withdrawal orders. Shead's participation was limited to initiating a claim for relief and bringing that claim to the attention of the trial court. He did not present evidence or affidavits, he did not appear in open court, he did not engage in any other pretrial proceedings, and he did not attempt to formally present support for the merits of his request for relief. Simply put, other than requesting relief and bringing it to the attention of the trial court, Shead

did not participate in the "decision-making event." Consequently, we do not interpret *Stark* as being dispositive of this case.

## Conclusion

Shead is entitled to pursue restricted appeals from the trial court's *Nunc Pro Tunc Order to Withdraw Funds*. The *State's Motion to Dismiss Appeal[s]* is denied.

Patrick A. Pirtle
Justice

Campbell, J. concurring.
Hancock, J. concurring in the result.