**Dismissed and Opinion Filed July 31, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00795-CV

## IN THE INTEREST OF A.G., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-10-01938**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Appellant appeals the trial court's May 14, 2015 judgment terminating his parental rights. The notice of appeal was filed in the trial court on June 23, 2015 and reflects a desire to perfect an accelerated appeal. Appellants docketing statement further indicates that appellant wishes to perfect a restricted appeal.

By letter dated July 9, 2015, the Court questioned its jurisdiction over the appeal noting that the notice of appeal appeared to have been filed past the deadline for perfecting an accelerated appeal and that appellant did not appear to have satisfied the jurisdictional prerequisites for a restricted appeal. We requested that appellant file a jurisdictional brief explaining how the Court has jurisdiction over the appeal. To date we have received no response. Accordingly, we address our jurisdiction *sua sponte* as we must. *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Section 109.002 of the Texas Family Code provides, "The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue." For that reason, rule 26.1(b) applies to an appeal in a parental rights termination case and requires that the notice of appeal be filed within twenty days after a judgment or order subject to interlocutory appeal is signed. *In re K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005). Filing a post-trial motion or request for findings of fact and conclusions of law will not extend the deadline. *Id.*

The trial court signed the judgment terminating appellant's parental rights on May 14, 2015. Absent a rule 26.3 motion, which was not filed in this case, appellant's notice of appeal was due on or before June 3, 2015, twenty days after the judgment was signed. The clerk's record reflects the notice of appeal was filed in the trial court on June 23, 2015, twenty days beyond the deadline for filing a notice of accelerated appeal and also beyond the grace period permitted by rule 26.3. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Appellant's notice of appeal was filed within the statutory deadline for filing a notice of restricted appeal. *See* TEX. R. APP. P. 26.1(c) (notice of appeal must be filed within six months after judgment in a restricted appeal). Appellant's appeal fails to satisfy the other jurisdictional requirements for a restricted appeal, however. To be entitled to pursue a restricted appeal, an appellant must establish: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30; *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 620 (Tex. App.—Dallas 2014, no pet.). Each

element is mandatory and jurisdictional. *Starks v. Texas Dep't of Criminal Justice,* 153 S.W.3d 621, 626 (Tex. App.—Amarillo 2004, no pet.); *C & V Club v. Gonzalez*, 953 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1997, no writ). Because the non-participation requirement is mandatory and jurisdictional, when an appellate court determines that an appellant participated in the hearing that resulted in the judgment complained of, the appropriate action is to dismiss the appeal for lack of jurisdiction. *Starks*, 153 S.W.3d at 626.

Here the reporter's record reflects that appellant was represented by counsel at the termination hearing. The clerk's record also reflects that the appellant filed timely requests for findings of fact and conclusions of law. Thus appellant has failed to satisfy the jurisdictional requirements for pursuing a restricted appeal.

Because appellant has failed to satisfy the jurisdictional requirements for pursuing a restricted appeal and because appellant has not perfected a timely interlocutory appeal, we lack jurisdiction over the appeal. We dismiss the appeal for lack of jurisdiction.

150795F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.G., A CHILD

No. 05-15-00795-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-10-01938.
Opinion delivered by Chief Justice Wright. Justices Lang-Miers and Stoddart participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 31, 2015.