

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-19-00211-CV |
| | § | |
| IN THE INTEREST OF B.A.L.C, | § | Appeal from the |
| A Minor Child. | § | 388th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 2014DCM5955) |
| | § | |

## <u>MEMORANDUM OPINION</u>

Victor Alfredo Lopez Saavedra and Maria Refugio Sanchez filed a notice of appeal in this case.[1]  Appellee Viridiana Caprio Rodriguez moved to dismiss for lack of jurisdiction, alleging that Appellants' notice of appeal was not timely filed.  We grant Appellee's motion and dismiss for want of jurisdiction.[2]

---

[1] We note that the notice of appeal here is ambiguous.  The opening paragraph of the NOA identifies both Victor Alfredo Lopez Saavedra and Maria Refugio Sanchez as Appellants, and the signature block on the NOA identifies counsel as "Attorney for VICTOR ALFREDO LOPEZ SAAVEDRA and MARIA REFUGIO SANCHEZ Appellants."  However, the body of the NOA states only that Victor Alfredo Lopez Saavedra desires to appeal from all portions of the judgment, and that notice was being filed on behalf of Victor Alfredo Lopez Saavedra.  Construing the NOA liberally, we determined that both Victor Alfredo Lopez Saavedra and Maria Refugio Sanchez are Appellants in this Court.

[2] Counsel for Appellants filed a voluntary motion to dismiss under TEX.R.APP.P. 42.1(a)(1) stating that Victor Alfredo Lopez Saavedra no longer desired to prosecute this appeal.  However, this motion does not address the status of Maria Refugio Sanchez.  The Court issued a letter asking counsel to clarify if the motion to dismiss addressed both Victor Alfredo Lopez Saavedra and Maria Refugio Sanchez and to respond by November 6, 2019.  No amended motion to dismiss or other respond was filed in this Court by that deadline.  Because Victor Alfredo Lopez Saavedra's motion

The deadline to file a notice of appeal in an ordinary appeal is 30 days from judgment unless the appellant timely files one of several specifically-enumerated time-extending motions in the trial court, in which case the deadline to file a notice of appeal is 90 days from judgment. *See* TEX.R.APP.P. 26.1(a)(identifying a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law as time-extending motions). A timely filed request for findings of fact and conclusions of law is a time-extending motion under Rule 26.1(a)(4). However, to be timely filed, a request for findings of fact and conclusions of law must occur within *20 days* of the judgment. TEX.R.CIV.P. 296.

In this case, the judgment that Appellants seek to appeal was signed on May 22, 2019. Appellants filed a request for findings of fact and conclusions of law, which would ordinarily extend the deadline to file a notice of appeal from 30 days (June 21, 2019) to 90 days (August 20, 2019). However, under TEX.R.CIV.P. 296, to extend the deadline, Appellants' request must have been filed by June 11, 2019 (the 20th day after judgment). Their request for findings of fact and conclusions of law came on June 21, 2019.

Because the request for findings of fact and conclusions of law was not timely, it did not act to extend the appellate deadline from 30 days to 90 days under TEX.R.APP.P. 26.1. *See Starks v. Tex. Dep't of Criminal Justice*, 153 S.W.3d 621, 624 (Tex.App.—Amarillo 2004, no pet.). And because no other time-extending motion was filed in this case, the deadline to file a notice of appeal remained at 30 days after judgment. TEX.R.APP.P. 26.1.[3]

---

would not dispose of the appeal by Appellant Maria Refugio Sanchez, because an amended Appellants' motion to dismiss was not timely filed despite a directive from the Clerk, and because Appellee's motion to dismiss would dispose of both Appellants Victor Alfredo Lopez Saavedra and Maria Refugio Sanchez and is meritorious, we will grant the Appellee's motion to dismiss and deny Appellants' motion as moot.

[3] In a response to this Court's notice of intent to dismiss, Appellants' appellate counsel asserts that trial counsel informed her that a motion for new trial had been filed but that she did not receive a copy nor was she able to locate a copy. Absent proof that a motion for new trial was, indeed, filed, we have no choice but to conclude that there were no timely filed time-extending motions in this case.

The 30-day deadline to file a notice of appeal in this case fell on June 21, 2019. Rule 26.3 allows the Court to extend the time to file a notice of appeal for up to 15 days after the deadline, and if a notice of appeal is filed within the 15-day grace period, we may imply the existence of a motion for extension of time and grant the implied motion upon a showing of good cause. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); TEX.R.APP.P. 26.3. The 15-day grace period expired on July 6, 2019, but because July 6 fell on a Saturday, the deadline was extended through the end of the next business day: Monday, July 8, 2019. *See* TEX.R.APP.P. 4.1(a).

Appellants' notice of appeal was filed on August 16, 2019—86 days after the date of judgment. Because there was no timely filed time-extending motion filed in the trial court that would reset the deadline from 30 days to 90 days, and because the notice of appeal in this case was filed after the 30-day deadline set by TEX.R.APP.P. 26.1 and the 15-day grace period set by TEX.R.APP.P. 26.3, this Court lacks jurisdiction.

Accordingly, this attempted appeal is hereby dismissed for want of jurisdiction.


December 11, 2019

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, J., and Palafox, J.